# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUIS CORTEZ, on behalf of himself and other individuals others similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) Removed from the Circuit Court of Cook ) County, IL, Case No. 2023CH00280 |
| TARGET CORPORATION, | ) ) |
| Defendant. | ) ) |

## DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant Target Corporation ("Target") removes this putative class action from the Circuit Court of Cook County, Illinois, Case No. 2023CH00280, to the United States District Court for the Northern District of Illinois.

Diversity jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), because this case is pled as a class action as defined under CAFA, the CAFA diversity of citizenship requirements are fully met, and the amount in controversy in this matter exceeds the sum, or value, of $5,000,000, excluding interest and costs.

In support of this Notice of Removal, Target states as follows:

## PROCEDURAL BACKGROUND

1. On January 11, 2023, Plaintiff filed a Complaint (the "Complaint") in the Circuit Court of Cook County, Illinois County Department, Chancery Division, captioned *Luis Cortez, on behalf of himself and other individuals similarly situated, known and unknown, v. Target Corporation*, Case No. 2023CH00280. Exhibit A, State Court Filings; Exhibit B, Complaint.

2. In his Complaint, Plaintiff alleges Target "fail[ed] to pay overtime and other earned compensation for time spent on [Target's] premises at the beginning and end of the workday." Exhibit B, Complaint, at ¶ 1.

3. Plaintiff brings his claims as putative class actions, seeking to represent a class of "current and former hourly employees of Target who have worked in Target's Illinois distribution centers in the three-year or ten-year period before the filing of this Complaint until final resolution of this Action." *Id.*, at ¶ 6; *see also*, *id.*, at ¶ 24 ("Plaintiff brings this action as a class action pursuant to 765 ILCS 5/2-801 on behalf of the Illinois Class, which is comprised of All current and former hourly paid employees of Target who worked at Target's Illinois distribution centers at least one week in the three-year period (the 'IMWL Class' or ten-year period (the 'IWPCA Class' before the filing of this Complaint to final resolution of this Action ('Class Members').").

4. Pursuant to 28 U.S.C. § 1332, Plaintiff could have originally filed this action against Target in this Court.

5. On February 6, 2023, Plaintiff served the Complaint. Exhibit B, at p. 1.

6. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because less than thirty (30) days have elapsed since Plaintiff served on Target the Complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining 30-day removal period begins to run on the date of service of complaint).

7. Since Plaintiff filed his Complaint, the Circuit Court of Cook County, Illinois has held a hearing, without Defendant present, regarding Plaintiff's Motion to Amend. In this case, to date, Exhibit A constitutes all of the process, pleadings, and orders Target has received. *See* 28 U.S.C. § 1447(b).

## GROUNDS FOR REMOVAL

8. When a plaintiff files suit in state court, but could have invoked the original jurisdiction of the federal court, the defendant may remove the action to federal court. 28 U.S.C. § 1441(a). Section 1441(a) of Title 28 of the United States Code provides, in relevant part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper under 28 U.S.C. §§ 1441(d), 1446, and 1453 because Plaintiff brings this action as a putative class action (*see* Exhibit B, Complaint, at ¶¶ 6 and 24), (i) the amount in controversy exceeds, in the aggregate, $5 million, excluding interest and costs; (ii) the aggregate number of putative class members is 100 or greater; and (iii) diversity of citizenship exists between one or more plaintiffs and one or more defendants. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.

9. Target is a Minnesota corporation. Exhibit B, Complaint, at ¶ 7. Target has its principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403. Exhibit C, Declaration of Adam Klarfeld ("Klarfeld Declaration"), at ¶ 3.

10. Target denies Plaintiff's factual allegations, and denies Plaintiff, or the class he purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met. Accordingly, diversity of citizenship exists under CAFA and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

The Putative Class Has More Than 100 Members

11. Plaintiff asserts claims on behalf of a putative class comprised of "current and former hourly employees of Target who have worked in Target's Illinois distribution centers in the three-year or ten-year period before the filing of this Complaint until final resolution of this Action." Exhibit B, Complaint, at ¶ 6; *see also id.*, at ¶ 24 ("Plaintiff brings this action as a class action pursuant to 765 ILCS 5/2-801 on behalf of the Illinois Class, which is comprised of All current and former hourly paid employees of Target who worked at Target's Illinois distribution centers at least one week in the three-year period (the 'IMWL Class' or ten-year period (the 'IWPCA Class' before the filing of this Complaint to final resolution of this Action ('Class Members').").

12. Plaintiff expressly alleges "[t]he class includes more than 100 members." *Id.*, at ¶ 30.

13. Based on Plaintiff's class definition, and a review of Target's business records, the putative class includes 14,583 hourly workers who are, or were, employed at Target's Illinois distribution centers in the last three years. Exhibit C, Klarfeld Declaration, at ¶ 5. At its Dekalb, Illinois distribution center, Target employed 6,806 of those 14,583. *Id.* Target employed 5,915 of the 14,583 individuals at its Chicago Flow Center, and another 263 individuals at its Chicago distribution center. *Id.* Target's Joliet, Illinois distribution center employed 1,472 of the 14,583 individuals, and the Elmhurst, Illinois location employed another 137 of individuals. *Id.* Consequently, this test under CAFA is met.

<u>The Jurisdictional Amount in Controversy Requirement is Met</u>

14. CAFA provides for original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, excluding interest and costs." 28. U.S.C. § 1332(d)(2).

15. Under CAFA, the claims of individual class members are aggregated to determine if the amount in controversy exceeds $5,000,000, excluding interest and costs. 28 U.S.C. § 1332(d)(6).

16. Target's burden to establish the amount in controversy is by a preponderance of the evidence. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted). This statement is consistent with the Seventh Circuit historically permitting "a good-faith estimate" when determining if the amount in controversy is satisfied for purposes of diversity jurisdiction as long as the estimate "is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).

17. Target denies Plaintiff's factual allegations and denies he, or the class he seeks to represent, are entitled to any relief. At all relevant times, Target properly complied with Illinois law. Plaintiff's allegations and prayer for relief, however, have "more likely than not" put into controversy an amount exceeding $5,000,000 when aggregating putative class members' class claims as set forth in 28 U.S.C. § 1332(d)(6).

18. In his Complaint, Plaintiff alleges:

At the beginning of the workday, Defendant required Plaintiff and other Class Members to go through a security screening. The time spent going through the security check included time that Plaintiff and other Class Members had to wait while other employees were also lined up to go through security screen. Defendant did not pay Plaintiff for time associated with such mandatory pre-shift screening.

After going through a security screening, Defendant generally required Plaintiff and other Class Members to walk within the distribution center to their assigned work locations and "clock-in" for payroll purposes at time clocks located at or near the assigned work locations. Defendant did not pay Plaintiff for time associated with such mandatory pre-shift walking.

At the end of the workday, Defendant generally required Plaintiff and other Class Members to "clock out" and then wait in line and undergo a security screening before exiting the facility. Defendant did not pay Plaintiff for time associated with such mandatory post-shift security screening.

Exhibit B, Complaint, at ¶¶ 16–17.

19. Plaintiff further alleges "Plaintiff was a full-time employee generally scheduled to work 40 hours per week. As such, his paid time combined with his unpaid security screening time and pre-shift walking time generally totaled over 40 hours per week." *Id.* at ¶ 19. Plaintiff also alleges the putative class members are entitled "to overtime compensation of not less than one and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of forty (40) in one workweek." *Id.* at ¶ 42 (citing 820 Ill. Comp. Stat. § 105/3(c)).

20. Among other things, Plaintiff, on behalf of himself, as well as the prospective class, seeks an award of unpaid wages and attorneys' fees. Exhibit B, Complaint, Prayer for Relief, at pp. 9 and 10.

21. According to Plaintiff, the Illinois Minimum Wage Law putative class period dates back three years from January 11, 2023.[1] Exhibit B, Complaint, at ¶ 24. Based on Plaintiff's class

---

[1] Although Plaintiff asserts a putative class under the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act ("IWCPA"), Defendant has only analyzed the potential damages under the Illinois Minimum Wage Law. However, if Plaintiff's IWCPA were considered, the statute of limitations expands to ten years and imposes an additional 5% penalty.

definition, and a review of Target's records, the putative class includes more than 14,583 members. Exhibit C, Klarfeld Declaration, at ¶ 5.

22. Plaintiff does not allege the amount he made on an hourly basis as a Target employee. Exhibit B, Complaint. However, Plaintiff was compensated at a gross hourly rate of $33.75. Exhibit C, Klarfeld Declaration, at ¶ 6. Additionally, the wage for the 6,806, putative class members who worked at the Dekalb, Illinois distribution center was at least $17.10 per hour. *Id*.

23. In the aggregate, the 14,583 putative class members worked 1,512,245 shifts. *Id.*, at ¶ 5. The 6,806 putative class members who worked at the Dekalb, Illinois distribution center worked 853,552 shifts; the 5,915 putative class members who worked at the Chicago Flow Center worked 504,363 shifts; the 9,275 putative class members who worked at the Joliet, Illinois location worked 148,597 shifts; the 263 putative class members who worked at the Chicago, Illinois distribution center worked 1,755 shifts; and the 137 putative class members who worked at the Elmhurst, Illinois location worked a total of 3,978 shifts. *Id.*

24. It is reasonable to conclude, like the plaintiffs in other, similar matters, Plaintiff is claiming each member of the putative class is entitled to compensation for 10-30 minutes per shift, and possibly more, of uncompensated time while working for Target at its Illinois warehouse facilities since January 11, 2020. *See e.g., Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 30 (2014) (noting the plaintiffs alleged they spent 25 minutes waiting for, and undergoing, security checks); *In re Amazon.com, Inc., Fulfillment Ctr. FLSA Wage & Hour Lit.*, 852 F.3d 601, 606 (6th Cir. 2017) (asserting security screenings to between 10 and 30 minutes); *Stuntz v. Lion Elastomers, LLC*, 826 Fed. App'x 391, 394 (5th Cir. 2020) (alleging employees were not paid for the 6 minutes per day walking between the main gate and the employees' workstations); *Thomas v. Amazon.com Servs., Inc.*, 432 F. Supp. 3d 828, 831 (N.D. Ohio 2020) (alleging security and screening process

routinely took at least 10 to 20 minutes to complete); *Gorie v. Amazon.com, Servs. LLC*, No. 1:20-CV-01387, 2021 WL 4304281, at *1 (N.D. Ohio Sept. 22, 2021) (alleging plaintiffs were required to walk 5-8 minutes from the warehouse floor to the breakroom, undergo security screening, and then walk another 5-8 minutes in returning to the warehouse floor). For purposes of removal only, Target provides a conservative estimate of Plaintiff's allegations—*i.e.*, 10 minutes, or .17 hours, per shift of allegedly unpaid time worked undergoing pre/post-shift security screenings, walking to clock-in and clock-out, and walking to the exit after clocking-out.

25. Accordingly, assuming (based on Plaintiff's allegations and relevant evidence) the 14,583 putative class members who worked in the Distribution Centers worked 1,512,245 shifts at $17.10 per hour and .17 hours per shift of purportedly unpaid time, Plaintiff's claims for unpaid wages, including allegedly unpaid wages, and treble damages, have placed at least $13,188,288.66 in controversy: ((1,512,245 shifts x .17 hours per shift x $17.10 per hour = $4,396,096.22 back wages) + treble damages = $13,188,288.66). Exhibit C, Klarfeld Declaration, at ¶ 5.

26. Additionally, Plaintiff seeks recovery of attorneys' fees. Applying a conservative fee request of 25% of the unpaid wages and liquidated damages, Plaintiff's estimated claim for attorneys' fees is 25% x $13,188,288.66 = $3,297,072.17. *See, e.g.*, *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079, at *10 ("Courts within the Seventh Circuit, and elsewhere, regularly award percentages of 33.33% or higher to counsel in class action litigation."); *Gaskill v. Gordon*, 160 F.3d 361, 362-63 (7th Cir. 1998) (noting typical contingency fees are between 33% and 40%) (citation omitted); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 500 (N.D. Ill. 2015) (recognizing "courts in this circuit regularly allow attorneys to recoup one-third of the first $10 million of the class action settlement fund"); *Coleman v. Sentry Ins. a Mut. Co.*, No. 15-CV-1411-SMY-SCW, 2016 WL 6277593, at *3 (S.D. Ill. Oct. 27, 2016) (awarding one-third of

8

the common fund and noting "Class Counsel has shown the Court that they have routinely been awarded a contingent 33 1/3% (and in some cases more) of a Settlement Fund").

27. Between the alleged unpaid wages, including allegedly unpaid overtime pay, and liquidated damages, as well as the attorneys' fees Plaintiff seeks, the amounts in controversy are $16,485,396.83 ($13,188,288.66 + 3,297,072.17= $16,485,360.83), which exceeds the $5,000,000 CAFA threshold by over $11,000,000.

<u>Diversity of Citizenship Exists</u>

28. At a minimum, one member of the putative class is a citizen of a different state than Target, and thus, there is minimal diversity of citizenship for purposes of removal under CAFA. 28 U.S.C. § 1332(d).

29. For diversity purposes, a person is a "citizen" of the state in which he is domiciled when the Complaint is filed. *See Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989); *BCBSM, Inc. v. Walgreen Co.*, No. 20 C 1853, 2022 WL 17135672, at *3 (N.D. Ill. Nov. 22, 2022). Plaintiff resides in, and is thus a citizen of, the State of Illinois. Exhibit B, Complaint, at ¶ 5.

30. Under 28 U.S.C. §1332(c)(1), a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 265 (7th Cir. 2006).

31. Target is a Minnesota citizen because it is incorporated, and has its principal place of business, there. Exhibit B, Complaint, at ¶ 7; Exhibit C, Klarfeld Declaration, at ¶ 3.

32. Accordingly, the minimal diversity needed for CAFA removal is present.

## ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

33. Under 28 U.S.C. §§ 1391 and 1441(a), venue is proper in this Court because the United States District Court for the Northern District of Illinois is the federal judicial district where the Circuit Court of Cook County, Illinois is located, and where Plaintiff originally filed this action. Additionally, Plaintiff alleges his claims arose in Chicago, Illinois, which is also located within the United States District Court for the Northern District of Illinois. *See generally* Exhibit B, Complaint.

34. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Circuit Court of Cook County, Illinois, where the suit has been pending.

## CONCLUSION

35. By virtue of 28 U.S.C. §§ 1332(d), this Court has jurisdiction over Plaintiff's claims, and this action is properly removable to federal court under 28 U.S.C. §§ 1441, 1446, and 1453.

36. If this Court questions the propriety of this Notice of Removal, Target asks this Court to issue an Order to Show Cause so Target may have an opportunity to more fully brief the basis for this removal.

WHEREFORE, pursuant to 28 U.S.C. § 1441(a), and in conformity with the requirements set forth in 28 U.S.C. § 1446, Target removes this action to the United States District Court for the Northern District of Illinois, and respectfully asks the Circuit Court of Cook County, Illinois to proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

DATED:   March 8, 2023                                              Respectfully submitted,


                                                                    By:   _/s/Michael H. Cramer_____
                                                                    One of the Attorneys for Defendant

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

Michael H. Cramer (ARDC No. No. 6199313)
155 N. Wacker Drive, Suite 4300
Chicago, IL 60606
Telephone: 312.558.1220
Facsimile:  312.807.3619
michael.cramer@ogletree.com

Patrick F. Hulla*
Jessica Barranco*
700 West 47th Street, Suite 500
Kansas City, MO 64112
Telephone: 816.410.2226
Facsimile: 816.471.1303
patrick.hulla@ogletree.com
jessica.barranco@ogletree.com

Attorneys for Defendant Target Corporation

* Pro Hac Vice admission forthcoming

11

**CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies, on March 8, 2023, the foregoing ***Defendant Target Corporation's Notice of Removal*** was served, via First Class, U.S. mail, on the following:

Douglas M. Werman
Maureen A. Salas
Werman Salas P.C. (#42031)
77 W. Washington St., Ste. 1402
Chicago, IL 60602

Peter Winebrake
Deirdre Aaron
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025

Sarah R. Schalman-Bergen
Krysten Connon
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

***Attorneys for Plaintiff***


    /s/ Michael H. Cramer
    One of the Attorneys for Defendant