# EXHIBIT B

Hearing Date: 5/11/2023 9:00 AM
Location: Court Room 2302
Judge: Moreland, Caroline Kate

Case: 1:23-cv-01435 Document #: 2-1 Filed: 03/08/23 Page 2 of 11 PageID #:67

FILED
1/11/2023 2:46 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH00280
Calendar, 10
21000065

FILED DATE: 1/11/2023 2:46 PM 2023CH00280

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

LUIS CORTEZ, on behalf of himself and other )
individuals similarly situated, known and unknown, )
)
Plaintiff, )
) Case No. 2023CH00280
v. )
)
TARGET CORPORATION, )
)
Defendant. )

# COMPLAINT

Plaintiff Luis Cortez, on behalf of himself and other individuals similarly situated, known and unknown, for his Complaint against Defendant Target Corporation ("Defendant" or "Target") states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this class action lawsuit against Target seeking all available relief under the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendant's failure to pay overtime and other earned compensation for time spent on Defendant's premises at the beginning and end of the workday. Such time is compensable work time under Illinois law.

2. Target's failure to pay for all time worked by its Illinois employees, and its failure to pay all earned overtime wages to its Illinois employees, violates the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*

FILED DATE: 1/11/2023 2:46 PM 2023CH00280

**JURISDICTION**

3. Jurisdiction in this court is proper pursuant to 735 ILCS 5/2-209(a)(1) because Defendant committed the at-issue violations of the IMWL and IWPCA in Illinois, and pursuant to 735 ILCS 5/2-209(b)(4) because Defendant conducts and transacts business from within the State of Illinois.

**VENUE**

4. Venue is proper in this judicial district pursuant to 735 ILCS 5/2-101 because Plaintiff and other members of the Class performed work for Defendant within Cook County, Illinois, a substantial number of the acts complained of herein occurred within Cook County, Illinois and Defendant has maintained offices and transacted business at all relevant times herein within Cook County, Illinois.

**THE PARTIES**

5. Plaintiff Luis Cortez is an individual residing in Chicago, Illinois. At all relevant times, Plaintiff has been domiciled in and is a resident of the State of Illinois.

6. The "Class Members," as further defined below, are all current and former hourly paid employees of Target who have worked in Target's Illinois distribution centers in the three-year or ten-year period before the filing of this Complaint until final resolution of this Action.

7. Defendant is a corporation headquartered in Minneapolis, MN and registered to do business in Illinois. Defendant can be served with process by serving its registered agent CT Corporation System at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

8. At all material times, Target was and is legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiff and Class Members. *See* Illinois Minimum Wage Law, 820 ILCS § 105/3(c);

2

FILED DATE: 1/11/2023 2:46 PM   2023CH00280

Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*.

9. At all material times, Plaintiff and Class Members were employees of Target within the meaning of the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act. 820 ILCS § 105/3.

## FACTUAL BACKGROUND

10. Defendant is a retailer offering "everyday essentials and fashionable, differentiated merchandise at discounted prices" available for purchase "in stores or through our digital channels." See SEC Form 10-K for the Fiscal Year Ended January 29, 2021 ("Annual Report") at 2.

11. In order to support these retail operations, Defendant operates distribution centers. See, e.g., Annual Report at 4 ("The vast majority of merchandise is distributed to our stores through our network of distribution centers.").

12. Target operates distribution centers in Illinois and across the country. *See* Annual Report at 14. Upon information and belief, Defendant has distribution centers throughout the state, including Chicago, Joliet, Elmhurst, and DeKalb.

13. Plaintiff worked for Target as an hourly, non-exempt employee at the Target distribution center located within Chicago, Illinois. He was employed by Target from approximately December 2021 to April 2022.

14. Plaintiff primarily worked a schedule from Wednesday through Saturday between 10:00 p.m. to 8:30 a.m. In one or more individual work weeks during his employment, Plaintiff worked 40 hours or more than 40 hours.

15. Plaintiff worked with thousands of other Target workers at the Chicago distribution center.

3

FILED DATE: 1/11/2023 2:46 PM   2023CH00280

16. At the beginning of the workday, Defendant required Plaintiff and other Class Members to go through a security screening. The time spent going through the security check included time that Plaintiff and other Class Members had to wait while other employees were also lined up to go through security screening. Defendant did not pay Plaintiff for time associated with such mandatory pre-shift security screening.

17. After going through the security screening, Defendant generally required Plaintiff and other Class Members to walk within the distribution center to their assigned work locations and "clock-in" for payroll purposes at time clocks located at or near the assigned work locations. Defendant did not pay Plaintiff for time associated with such mandatory pre-shift walking.

18. At the end of the workday, Defendant generally required Plaintiff and other Class Members to "clock out" and then wait in line and undergo a security screening before exiting the facility. Defendant did not pay Plaintiff for time associated with such mandatory post-shift security screening.

19. Plaintiff was a full-time employee generally scheduled to work 40 hours per week. As such, his paid time combined with his unpaid security screening time and pre-shift walking time generally totaled over 40 hours per week.

20. This pre-shift security screening and walking time and post-shift security screening time should have been paid by Target because it constitutes compensable time worked.

21. Under the IMWL, "hours worked" includes "all the time an employee is required to be on duty, or on the employer's premises, or at other prescribed places of work, and any additional time he or she is required or permitted to work for the employer." 56 Ill. Admin. Code § 210.110.

4

22. Target's requirement for its employees to complete a security screening and then walk to their designated time clocks prior to clocking in each shift, and to wait in line and complete a security screening after clocking out each shift, constitutes "hours worked" under Illinois law.

23. In light of Target's conduct in not compensating Class Members for required security screening and walking time in the facility, Plaintiff and Class Members are owed significant unpaid wages and penalties.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action as a class action pursuant to 735 ILCS 5/2-801 on behalf of the Illinois Class, which is comprised of:

> **All current and former hourly paid employees of Target who worked at Target's Illinois distribution centers at least one week in Illinois in the three-year period (the "IMWL Class") or ten-year period (the "IWPCA Class") before the filing of this Complaint to final resolution of this Action ("Class Members").**

25. Plaintiff and Class Members are not exempt from the IMWL or IWPCA.

26. Defendant agreed to pay Plaintiff and Class Members an hourly rate of pay for all time worked.

27. Under the IWPCA, Plaintiff and Class Members are entitled to be paid their agreed upon hourly rate for all time they work in individual work weeks.

28. Under the IMWL, Plaintiff and Class Members who work more than forty (40) hours in an individual work week are entitled to overtime pay.

29. Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: failing to pay overtime wages for time associated with various required activities arising on Defendant's premises at the beginning and end of the workday.

5

30. The Class includes more than 100 members.

31. As a result, the Class is so numerous that joining all Class Members in one lawsuit is not practical.

32. As a result of Target's company-wide policies, Plaintiff and Class Members were not paid for all time worked each day and all overtime earned in individual work weeks and are owed significant unpaid wages.

33. The issues involved in this lawsuit present common questions of law and fact, including:

    a. Whether Target's practice of failing to pay for all time associated with various required activities arising on the Defendant's premises at the beginning and end of the workday violates the IMWL and IWPCA;

    b. Whether Target failed to pay Plaintiff and the Class wages for all overtime hours worked; and

    c. The proper measure of damages sustained by Plaintiff and the Class.

34. These common questions of law and fact predominate over the variations that may exist between members of the Class, if any.

35. Plaintiff, the Class Members, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

36. If individual actions were required to be brought by each Class Member injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

37. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

6

38. Plaintiff and their counsel will fairly and adequately protect the interests of the Class.

39. Plaintiff retained counsel experienced in complex class action litigation.

40. The identities of the Class Members are readily identifiable from Target's records.

## COUNT I
### Violation of the Illinois Minimum Wage Law

41. Plaintiff hereby incorporates and realleges the foregoing paragraphs as though set forth herein.

42. The IMWL entitles covered employees to overtime compensation of not less than one and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of forty (40) in one workweek. *See* 820 Ill. Comp. Stat § 105/4a(1).

43. Defendant is subject to the IMWL's overtime requirements because Defendant is an employer under 820 Ill. Comp. Stat § 105/3(c).

44. During all relevant times, Plaintiff and the IMWL Class Members were covered employees entitled to the above-described IMWL protections. *See* 820 Ill. Comp. Stat. § 105/3(d).

45. Plaintiff and the IMWL Class Members are not exempt from the IMWL.

46. Plaintiff and the IMWL Class Members routinely worked in excess of 40 hours per week.

47. As described in the foregoing paragraphs, Defendant's policy and practice of not paying for time associated with various required activities arising on the Defendant's premises at the beginning and end of the workday are in violation of the IMWL. *See* 820 ILCS § 115/1 *et seq.*

48. Defendant knowingly failed to compensate Plaintiff and the IMWL Class Members for all hours worked and hours worked in excess of forty (40) hours in a workweek, in violation of the IMWL.

49. Pursuant to 820 Ill. Comp. Stat. § 105/12(a), Defendant is liable to Plaintiff and IMWL Class members for, *inter alia*, unpaid wages for three years prior to the filing of the lawsuit, treble damages, punitive damages in the amount of five percent (5%) per month of the amount of underpayment, and reasonable attorneys' fees and costs.

## Count II

**Violation of the Illinois Wage Payment and Collection Act**

50. Plaintiff hereby incorporates and realleges the foregoing paragraphs as though set forth herein.

51. The IWCPA requires employers to pay employees within 13 days after the end of a semi-monthly or bi-weekly pay period or within seven days after a weekly pay period in full at the lawful rate. *See* 820 Ill. Comp. Stat. § 115/4.

52. If an employer fails to pay an employee all wages earned by the statutory deadline, the employee may commence a civil action to recover the amount of any underpayment and damages in the amount of five percent (5%) of each underpayment compounded monthly, plus costs and reasonable attorneys' fees. *See* 820 Ill. Comp. Stat. § 115/14.

53. Pursuant to 735 Ill. Comp. Stat. § 5/13-206, the statute of limitations applicable to the IWPCA is ten years after accrual of the cause of action.

54. Plaintiff and the IWPCA Class Members are employees for purposes of the IWPCA. *See* 820 Ill. Comp. Stat. § 115/2.

55. Defendant is an employer for purposes of the IWPCA. *See* 820 Ill. Comp. Stat. § 115/2.

56. Defendant's actions, policies and/or practices as described above violate the IWPCA by failing to compensate Plaintiff and the IWPCA Class Members for hours worked in excess of 40 in a week at one-and-one-half times their regular rate.

57. As a direct and proximate result of this practice, Plaintiff and the IWPCA Class Members have suffered loss of income and other damages to be determined at trial.

58. As such, Defendant is liable to Plaintiff and IWPCA Class Members for all unpaid hourly wages, damages in the amount of five percent (5%) per month of the amount of the underpayment, and reasonable attorneys' fees and costs. *See* 820 Ill. Comp. Stat. § 115/14.

## JURY DEMAND

59. Plaintiff hereby demands trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff, individually and on behalf of all Class Members, prays that the Court:

1. Certify that this action may proceed as a class action;

2. Appoint Plaintiff as Representative of the Class, and appoint him counsel as Class Counsel;

3. Find and declare that Target's policies and/or practices described above violate Illinois laws;

4. Award all unpaid wages, liquidated damages, penalties, interest, and/or restitution to be paid by Target for the causes of action alleged herein;

5. Award costs, and expenses, including reasonable attorneys' fees and expert fees;

6. Award pre-judgment and post-judgment interest, as provided by law; and

7. Order such other and further legal and equitable relief the Court deems just, necessary and proper.

Dated: January 11, 2023

Respectfully submitted,

*s/Douglas M. Werman*
Douglas M. Werman
(dwerman@flsalaw.com)
Maureen A. Salas
msalas@flsalaw.com
Werman Salas P.C. (#42031)
77 W. Washington St., Ste 1402
Chicago, IL 60602
Tel: (312) 419-1008

Peter Winebrake (*pro hac vice forthcoming*)
Deirdre Aaron (*pro hac vice forthcoming*)
Winebrake & Santillo, LLC
715 Twining Rd., Ste 211
Dresher, PA 19025
Tel: (215) 884-2491

Sarah R. Schalman-Bergen (*pro hac vice forthcoming*)
Krysten Connon (*pro hac vice forthcoming*)
Lichten & Liss-Riordan, P.C.
729 Boylston St., Ste 2000
Boston, MA 02116
Tel: (267) 256-9973

FILED DATE: 1/11/2023 2:46 PM 2023CH00280