# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUIS CORTEZ and TRACEY TUCKER, on behalf of themselves and other individuals similarly situated, known and unknown, </br></br>Plaintiffs,</br></br>v.</br></br>TARGET CORPORATION,</br></br>Defendant. | Case No. 1:23-cv-01435</br></br>Honorable Franklin U. Valderrama |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs Luis Cortez and Tracey Tucker ("Plaintiffs"), on behalf of themselves and other individuals similarly situated, known and unknown, for their Second Amended Class Action Complaint against Defendant Target Corporation ("Defendant" or "Target") state as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1. Plaintiffs bring this class action lawsuit against Target seeking all available relief under the Illinois Minimum Wage Law, 820 ILCS §§ 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115/1 *et seq.* ("IWPCA"), for Defendant's failure to pay overtime and other earned compensation for time spent on Defendant's premises at the beginning and end of the workday. Such time is compensable work time under Illinois law.

2. Target's failure to pay for all time worked by its Illinois employees, and its failure to pay all earned overtime wages to its Illinois employees, violates the Illinois Minimum Wage Law, 820 ILCS §§ 105/1 *et seq*.

3. Target's failure to pay for all time worked by its Illinois employees violates the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115/1 *et seq.*

## THE PARTIES

4. Plaintiff Luis Cortez is an individual residing in Chicago, Illinois. At all relevant times, Plaintiff Cortez has been domiciled in and is a resident of the State of Illinois.

5. Plaintiff Tracey Tucker is an individual residing in DeKalb, Illinois. At all relevant times, Plaintiff Tucker has been domiciled in and is a resident of the State of Illinois.

6. The "Class Members," as further defined below, are all current and former hourly paid employees of Target who have worked in Target's Illinois distribution centers.

7. Defendant is a corporation headquartered in Minneapolis, MN and registered to do business in Illinois.

8. At all material times, Target was and is legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiffs and Class Members. *See* Illinois Minimum Wage Law, 820 ILCS § 105/3(c); Illinois Wage Payment and Collection Act, 820 ILCS § 115/2.

9. At all material times, Plaintiffs and Class Members were employees of Target within the meaning of the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act. 820 ILCS § 105/3; 820 ILCS § 115/2.

## FACTUAL BACKGROUND

10. Defendant is a retailer offering "everyday essentials and fashionable, differentiated merchandise at discounted prices" available for purchase "in stores or through our digital channels." *See* SEC Form 10-K for the Fiscal Year Ended January 29, 2021 ("Annual Report") at 2.

11. In order to support these retail operations, Defendant operates distribution centers. *See*, e.g., Annual Report at 4 ("The vast majority of merchandise is distributed to our stores

through our network of distribution centers.").

12. Target operates distribution centers in Illinois and across the country. *See* Annual Report at 14. Upon information and belief, Defendant has distribution centers throughout the state, including Chicago, Joliet, Elmhurst, and DeKalb.

13. Plaintiff Cortez worked for Target as an hourly, non-exempt employee at the Target distribution center located within Chicago, Illinois at 3501 South Pulaski Road. He was employed by Target from approximately December 2021 to April 2022.

14. Plaintiff Tucker worked for Target as an hourly, non-exempt employee at the Target distribution center located within DeKalb, Illinois at 1111 Macom Drive. She was employed by Target from approximately January 2022 to August 2022.

15. Plaintiff Cortez primarily worked a schedule from Wednesday through Saturday between 10:00 p.m. to 8:30 a.m. In one or more individual work weeks during his employment, Plaintiff Cortez worked 40 hours or more than 40 hours.

16. Plaintiff Tucker primarily worked a schedule from Wednesday through Saturday between 4:00 p.m. to 2:00 a.m. In one or more individual work weeks during her employment, Plaintiff Tucker worked 40 hours or more than 40 hours.

17. Plaintiff Cortez worked with thousands of other hourly paid Target workers at the 3501 South Pulaski Road distribution center.

18. Plaintiff Tucker worked with hundreds of other hourly paid Target workers at the DeKalb distribution center.

19. At the beginning of the workday, Defendant required Plaintiff Cortez, Plaintiff Tucker, and other Class Members to go through a security screening. The time spent going through the security check included time that Plaintiff Cortez, Plaintiff Tucker and other Class

3

Members had to wait while other employees were also lined up to go through security screenings. Defendant did not pay Plaintiff Cortez, Plaintiff Tucker and other Class Members for time associated with the mandatory security screenings.

20. After going through the security screenings, Defendant generally required Plaintiff Cortez, Plaintiff Tucker, and other Class Members to walk within the distribution center to their assigned work locations and "clock-in" for payroll purposes at time clocks located at or near the assigned work locations. Defendant did not pay Plaintiff Cortez, Plaintiff Tucker, and other Class Members for time associated with such mandatory walking to their assigned work locations.

21. At the end of the workday, Defendant generally required Plaintiff Cortez, Plaintiff Tucker, and other Class Members to "clock out" and then wait in line and undergo a security screening before exiting the facility. Defendant did not pay Plaintiff Cortez, Plaintiff Tucker, and other Class Members for time associated with such mandatory security screenings.

22. Plaintiff Cortez was a full-time employee generally scheduled to work 40 hours per week. As such, his paid time combined with his unpaid security screening time and unpaid walking time generally totaled over 40 hours per week.

23. Plaintiff Tucker was a full-time employee generally scheduled to work 40 hours per week. As such, her paid time combined with her unpaid security screening time and unpaid walking time generally totaled over 40 hours per week.

24. The unpaid security screenings and unpaid walking time should have been paid by Target because it constitutes compensable time worked.

25. Under the IMWL, "hours worked" includes "all the time an employee is required to be on duty, or on the employer's premises, or at other prescribed places of work, and any additional time he or she is required or permitted to work for the employer." 56 Ill. Admin. Code

4

§ 210.110.

26. Target's requirement for its hourly employees to complete a security screening and then walk to their designated time clocks prior to clocking in each shift, and to wait in line and complete a security screening after clocking out each shift, constitutes "hours worked" under Illinois law.

27. In light of Target's conduct in not compensating Class Members for required security screenings and walking time in the facility, Plaintiffs and Class Members are owed significant unpaid wages and penalties.

## CLASS ACTION ALLEGATIONS

28. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed classes, which are comprised of:

**Illinois Minimum Wage Law Class**

> **All current and former hourly paid employees of Target who worked at least 40 hours at Target's Illinois distribution centers in at least one week in Illinois in the three-year period before the filing of the Original Complaint to the final resolution of this Action.**

**Illinois Wage Payment and Collection Act Class**

> **All current and former hourly paid employees of Target who worked at Target's Illinois distribution centers in at least one week in Illinois in the ten-year period before the filing of the Original Complaint to the final resolution of this Action.**

29. In the alternative to the claim filed under the Illinois Wage Payment and Collection Act, Plaintiffs bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Quantum Meruit Class, which is comprised of:

### Quantum Meruit Class

> **All current and former hourly paid employees of Target who worked at Target's Illinois distribution centers in at least one week in Illinois in the five-year period before the filing of the Original Complaint to the final resolution of this Action.**

30. Plaintiffs and Class Members are not exempt from the IMWL or IWPCA.

31. Defendant agreed to pay Plaintiffs and Class Members an hourly rate of pay for all time worked.

32. Under the IWPCA, Plaintiffs and Class Members are entitled to be paid their agreed upon hourly rate for all time they work in individual work weeks.

33. Under the IMWL, Plaintiffs and Class Members who work more than forty (40) hours in an individual work week are entitled to overtime pay.

34. Plaintiffs and the Class are similar to one another because they were all subject to the same allegedly illegal practices: failing to pay overtime wages for time associated with various required activities arising on Defendant's premises at the beginning and end of the workday.

35. The Class includes more than 100 members.

36. As a result, the Class is so numerous that joining all Class Members in one lawsuit is not practical.

37. Plaintiffs' claims are typical of the Class Members' claims because as a result of Target's company-wide policies, Plaintiffs and Class Members were not paid for all time worked each day and all overtime wages earned in individual work weeks and are owed significant unpaid wages.

38. Plaintiffs and their counsel will fairly and adequately protect the interests of the Class.

39. Plaintiffs retained counsel experienced in complex class action litigation.

40. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact and law include, but are not limited to:

   a. Whether Target's practice of failing to pay for all time associated with various required activities arising on the Defendant's premises at the beginning and end of the workday violates the IMWL and IWPCA;

   b. Whether Target failed to pay Plaintiffs and the Class all the wages they earned;

   c. Whether Target failed to pay Plaintiffs and the Class wages for all overtime hours worked; and

   d. The proper measure of damages sustained by Plaintiffs and the Class.

41. These common questions of law and fact predominate over the variations that may exist between members of the Class, if any.

42. Plaintiffs, the Class Members, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. The damages suffered by the individual class members are small compared to the expense and burden of individual prosecutions of this litigation. Prosecuting hundreds of identical, individual lawsuits would not promote judicial efficiency or equity. Class certification will eliminate the need for duplicate litigation.

44. The prosecution of this matter in hundreds of identical, individual lawsuits would create a risk of inconsistent results and would establish incompatible standards of conduct for Target.

45. The identities of the Class Members are readily identifiable from Target's records.

## COUNT I

### Violation of the Illinois Minimum Wage Law

46. Plaintiffs hereby incorporate and reallege the foregoing paragraphs as though set forth herein.

47. The IMWL entitles covered employees to overtime compensation of not less than one and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of forty (40) in one workweek. *See* 820 Ill. Comp. Stat § 105/4a(1).

48. Defendant is subject to the IMWL's overtime requirements because Defendant is an employer under 820 Ill. Comp. Stat § 105/3(c).

49. During all relevant times, Plaintiffs and the IMWL Class Members were covered employees entitled to the above-described IMWL protections. *See* 820 Ill. Comp. Stat. § 105/3(d).

50. Plaintiffs and the IMWL Class Members are not exempt from the IMWL.

51. Plaintiffs and the IMWL Class Members routinely worked in excess of 40 hours per workweek.

52. As described in the foregoing paragraphs, Defendant's policy and practice of not paying for time associated with various required activities arising on the Defendant's premises at the beginning and end of the workday are in violation of the IMWL. *See* 820 ILCS §§ 115/1 *et seq.*

53. Defendant knowingly failed to compensate Plaintiffs and the IMWL Class Members for all hours worked and hours worked in excess of forty (40) hours in a workweek, in violation of the IMWL.

54. Pursuant to 820 Ill. Comp. Stat. § 105/12(a), Defendant is liable to Plaintiffs and IMWL Class Members for, *inter alia*, unpaid wages for three years prior to the filing of the lawsuit, treble damages, statutory penalties in the amount of five percent (5%) per month of the amount of underpayment, and reasonable attorneys' fees and costs.

## Count II

### Violation of the Illinois Wage Payment and Collection Act

55. Plaintiffs hereby incorporate and reallege the foregoing paragraphs as though set forth herein.

56. The IWPCA requires employers to pay employees within 13 days after the end of a semi-monthly or bi-weekly pay period or within seven days after a weekly pay period in full at the lawful rate. *See* 820 Ill. Comp. Stat. § 115/4.

57. If an employer fails to pay an employee all wages earned by the statutory deadline, the employee may commence a civil action to recover the amount of any underpayment and damages in the amount of five percent (5%) of each underpayment compounded monthly, plus costs and reasonable attorneys' fees. *See* 820 Ill. Comp. Stat. § 115/14.

58. Pursuant to 735 Ill. Comp. Stat. § 5/13-206, the statute of limitations applicable to the IWPCA is ten years after accrual of the cause of action.

59. Plaintiffs and the IWPCA Class Members are employees for purposes of the IWPCA. *See* 820 Ill. Comp. Stat. § 115/2.

60. Defendant is an employer for purposes of the IWPCA. *See* 820 Ill. Comp. Stat. § 115/2.

61. Defendant's actions, policies and/or practices as described above violate the IWPCA by failing to compensate Plaintiffs and the IWPCA Class Members for all time they worked at the hourly rates Defendant agreed to pay them for the work they performed.

62. As a direct and proximate result of this practice, Plaintiffs and the IWPCA Class Members have suffered loss of income and other damages to be determined at trial.

63. As such, Defendant is liable to Plaintiffs and IWPCA Class Members for all unpaid hourly wages, damages in the amount of five percent (5%) per month of the amount of the underpayment, and reasonable attorneys' fees and costs. *See* 820 Ill. Comp. Stat. § 115/14.

## Count III

### Quantum Meruit (Pleaded in the Alternative to the IWPCA Count)

64. Target implemented a company-wide policy requiring each of its hourly, non-exempt employees to undergo a security screening at the beginning and at the end of each shift.

65. The security screen was imposed by Target as a requirement to work each shift.

66. The security screen was conducted on the premises of Target, was required by Target, and was necessary for each employee to perform their work for Target.

67. Target also implemented a company-wide policy requiring each of its hourly, non-exempt employees to walk within the distribution center to their assigned work locations and "clock-in" for payroll purposes at time clocks located at or near the assigned work locations.

68. The unpaid walking time was imposed by Target as a requirement to work each shift.

69. The walking time occurred on the premises of Target, was required by Target, and

was necessary for each employee to perform their work for Target.

70. Target did not pay employees for the time they spent undergoing the security screenings.

71. Target did not pay employees for the time associated with walking to their assigned work locations.

72. Plaintiffs and the Quantum Meruit Class provided and furnished to Target their valuable time and services by submitting to required security screenings and by walking within the distribution center to their assigned work locations before "clocking-in" for payroll purposes.

73. Target benefitted from the time Plaintiffs and the Quantum Meruit Class spent in security screenings and walking within the distribution center to their assigned work location before "clocking-in" for payroll purposes.

74. It would be unjust for Target to retain the benefit of the time Plaintiffs and the Quantum Meruit Class spent in Target's required security screenings without paying for such time.

75. It would be unjust for Target to retain the benefit of the time Plaintiffs and the Quantum Meruit Class spent walking in Target's distribution centers before clocking-in at the time clocks located in their assigned work locations.

76. Plaintiffs and the Quantum Meruit Class, by providing unpaid labor, conveyed a benefit to Target which Target knowingly received.

77. Instead of incurring significant business, operating, and labor costs by paying for these services, Target knowingly shifted that responsibility, risk, and considerable cost to Plaintiffs and the Quantum Meruit Class. As a result, Target was unjustly enriched because those shifted costs were borne and absorbed by Plaintiffs and the Quantum Meruit Class.

78. Target is not entitled to this benefit without payment to Plaintiffs and the Quantum Meruit Class, and retention of such benefits, without payment, would be unjust to Plaintiffs and the Quantum Meruit Class.

79. By the course of conduct set forth above, Target is liable to Plaintiffs and the Quantum Meruit Class under Quantum Meruit.

80. Due to Target's actions, Plaintiffs and the Quantum Meruit Class are entitled to recover all of their unpaid regular (but not overtime) compensation, and such other legal and equitable relief stemming from Target's conduct.

## JURY DEMAND

81. Plaintiffs hereby demand a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and on behalf of all Class Members, pray that the Court:

1. Certify that this action may proceed as a class action;

2. Appoint Plaintiffs as Representatives of the Classes, and appoint their counsel as Class Counsel;

3. Find and declare that Target's policies and/or practices described above violate Illinois laws;

4. Award all unpaid wages, liquidated damages, penalties, interest, and/or restitution to be paid by Target for the causes of action alleged herein;

5. Award costs, and expenses, including reasonable attorneys' fees and expert fees;

6. Award pre-judgment and post-judgment interest, as provided by law; and

7. Order such other and further legal and equitable relief the Court deems just, necessary and proper.

Dated: August 16, 2023                    Respectfully submitted,

*s/Maureen A. Salas*

Douglas M. Werman
Maureen A. Salas
Joseph E. Salvi
**WERMAN SALAS P.C.**
77 W. Washington St., Ste 1402
Chicago, IL 60602
Tel: (312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com
jsalvi@flsalaw.com

Peter Winebrake
Deirdre Aaron
**WINEBRAKE & SANTILLO, LLC**
715 Twining Rd., Ste 211
Dresher, PA 19025
Tel: (215) 884-2491
pwinebrake@winebrakelaw.com
daaron@winebrakelaw.com

Sarah R. Schalman-Bergen
Krysten Connon (*pro hac vice forthcoming*)
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston St., Ste 2000
Boston, MA 02116
Tel: (267) 256-9973
ssb@llrlaw.com
kconnon@llrlaw.com