IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUIS CORTEZ and TRACEY TUCKER, on behalf of themselves and other individuals similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> TARGET CORPORATION, <br><br> Defendant. | Case No. 1:23-cv-01435 <br><br> Honorable Franklin U. Valderrama <br><br> Magistrate Jeffrey I. Cummings |

## JOINT STATEMENT ON DISCOVERY IMPASSE

Pursuant to the Court's Order of August 23, 2023 (ECF No. 42), Plaintiffs Luis Cortez and Tracey Tucker and Defendant Target Corporation (collectively "Parties") respectfully submit this Joint Statement regarding their discovery impasse.

## Joint Summary of the Dispute

Plaintiffs Luis Cortez and Tracey Tucker worked for Target as hourly, non-exempt employees at two of Target's five Illinois warehouses, in Chicago and DeKalb, respectively. Plaintiffs allege that Defendant unlawfully failed to pay them and other hourly warehouse employees employed in Illinois for time they spent at the beginning and end of the workday undergoing security screenings and walking to and from time clocks located at or near the employees' assigned work areas inside the distribution centers. Sec. Am. Compl. ¶¶ 19-21; ECF No. 40. Plaintiffs allege that Defendant violated the Illinois Minimum Wage Law ("IMWL") and the Illinois Wage Payment and Collection Act ("IWPCA") by failing to pay hourly warehouse employees for all time they worked for Defendant. *Id.,* ¶¶ 1-3.

On June 9, 2023, Plaintiff Cortez served his First Set of Interrogatories and First Set of Document Requests to Defendant. Defendant served its responses on July 28, 2023. Plaintiff identified perceived deficiencies to Defendant's discovery responses, and the Parties met and conferred on August 10, 2023. The Parties are continuing to confer on other outstanding discovery issues, but they have reached an impasse on Plaintiff's request for the contact information for putative class member witnesses. Specifically, Defendant objects to producing documents and information responsive to Plaintiffs' Interrogatory No. 2 and Plaintiffs' Document Request No. 5. Plaintiffs' discovery requests and Defendant's objections are set forth below:

> **Interrogatory No. 2:** State the name, last known address, last known phone number, and last known email address, and assigned Facility of each Class Member.
>
> **ANSWER:** Defendant objects to this Interrogatory because it seeks information about individuals who are not presently at issue in this matter, and therefore seeks information that is not relevant to Plaintiff's claims or Target's defenses. It also seeks private and personal information about non-parties to this litigation, and on the grounds it seeks discovery concerning Plaintiff's proposed class, which has not been adjudicated, nor approved, by the Court.
>
> Subject to, and without waiver of the foregoing objections, and in a good faith effort to respond to Interrogatory No. 2, to the extent Interrogatory No. 2 seeks information about Plaintiff Cortez, Defendant states:
>
> • Luis Cortez, ■■■■■■■■■■■■■■■■
>
> **Request No. 5:** Documents, in electronic and importable format (i.e. .xls or .csv format) if possible, that identify the following information for Class Members: (a) name, (b) last known address, (c) last known telephone number, (d) last known email address, (e) dates of employment, and (f) employee number.
>
> **RESPONSE:** Defendant objects to this Request because it seeks information about individuals who are not presently at issue in this matter, and therefore seeks information that is not relevant to Plaintiff's claims or Target's defenses. It also seeks private and personal information about non-parties to this litigation, and on the grounds it seeks discovery concerning Plaintiff's proposed class, which has not been adjudicated, nor approved, by the Court.

Subject to, and without waiver of the foregoing objections, and in a good faith effort to respond to Request No. 5, to the extent Request No. 5 seeks documents about Plaintiff Cortez, Target produces Plaintiff's employment file at TARGET-LCORTEZ-000001 to 000044.

**Plaintiffs' Position**

The issue of this discovery dispute – whether Plaintiffs are entitled to contact information for putative Class Members – was litigated two months ago in the U.S. District Court for the Eastern District of Pennsylvania, and it was resolved in the plaintiff's favor. *See Davis v. Target Corporation,* No. 2:23-cv-00089 (Order Dated July 13, 2023), ECF No. 24, attached hereto as Exhibit 1. In *Davis,* the plaintiff (represented by the same counsel as in this matter) similarly alleges that Target failed to pay hourly paid warehouse employees for time associated with certain required activities arising on Defendant's premises at the beginning and end of the workday, in violation of the Pennsylvania Minimum Wage Act. In *Davis*, Target (also represented by the same counsel as in this matter) refused to produce contact information for class members in discovery. Plaintiff filed a motion to compel the requested information, and the *Davis* court ordered Target to produce the requested class contact information. *Id.* The same result is warranted in this case.

1. **Plaintiffs' Request for Contact Information for Putative Class Members is Relevant and Proportional**

Under Federal Rule of Civil Procedure 26(b)(1), a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

In a putative class action suit, a plaintiff is entitled to discover information relevant to Rule 23's class certification requirements in order to prosecute a class action. *Gulf Oil v. Bernard*, 452 U.S. 89, 100-04 (1981). "[P]recertification discovery is appropriate concerning Rule 23's threshold requirements of numerosity, common questions/commonality, and adequacy of representation." *Gebka v. The Allstate Corp.*, No. 19-cv-06662, 2021 WL 825612, at *8 (N.D. Ill.

3

March 4, 2021) (Cummings, M.J.). Moreover, "the scope of discovery must be sufficiently broad to give the plaintiff a realistic opportunity to meet the requirements of class certification." *Id.*

Plaintiffs seek contact information for putative class members because class members will have information relevant to the claims alleged and to Plaintiffs' forthcoming motion for class certification. Putative class members will have knowledge about Target's timekeeping and payroll practices, its security policies and practices, and the activities employees perform without being paid. This information is relevant to the number of employees who were subject to the alleged unlawful pay practices (numerosity), whether the Named Plaintiffs' claims are similar to other putative class members' claims (typicality), whether class members were subject to the same pay practices alleged to have been unlawful (commonality), and whether the same alleged unlawful practices occurred throughout the duration of the class period.[1]

In addition to being relevant, discovery sought must be proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) (citing Fed. R. Civ. P. 26(b)(1)). Defendant has not objected that the production would be unduly burdensome, costly or disproportionate to the needs of the case, and that is because it is not. The contact information Plaintiffs seek for putative class members is

---

[1] The Second Amended Complaint seeks to represent an IMWL class for the period between November 1, 2020 and the present, and an IWPCA class for the period between January 11, 2013 and the present. Target has represented in its written interrogatories that the first Illinois warehouse opened in DeKalb, Illinois on May 23, 2016, so the relevant time period for the IWPCA claim is May 23, 2016 to the present.

4

exclusively within Target's possession and control and is information that Target is required by law to maintain. 56 ILCS § 280.140; 29 C.F.R. § 516.2(a).

In addition to the very same information being ordered to be produced in the Pennsylvania case making similar allegations, production of a class list pre-certification is also information that other courts in this Circuit have required defendants to produce in class action litigation. *See* Exhibit 1, *Davis v. Target Corporation* (Order Dated July 13, 2023), ECF No. 24; *Fairley v. McDonald's Corporation,* Case No. 20-cv-02273 (N.D. Ill. Order Dated September 14, 2022), ECF No. 89, attached hereto as Exhibit 2; *Jones v. National Council of Young Men's Christian Associations of U.S.,* No. 09 C 6437, 2011 WL 1312162, at *4 (N.D. Ill. March 31, 2011) (compelling production of employee names, addresses, telephone number numbers and e-email addresses in Rule 23 class action because the requested information was "discoverable information relevant to Plaintiffs' claims"); *Curless v. Great Am. Real Food Fast,* No. 10-cv-0279, 2011 WL 1335915, at *2 (S.D. Ill. Jan. 14, 2011) (requiring the production of contact information for all tipped employees who worked in Illinois in an FLSA collective action, prior to the plaintiffs' filing of a motion for conditional certification). There is no reason for the Court to reach a different result here.

### 2. Defendant's Objections Do Not Outweigh Plaintiffs' Need for the Contact Information

Once Plaintiffs demonstrate that the discovery is relevant and proportional to the needs of the party, Target "has the burden of proving that the requested discovery should be disallowed." *Gebka,* 2021 WL 825612, at *2. Target's objections do not meet its burden.

First, Defendant objects to providing the requested information because it seeks information about individuals who are not presently at issue in this matter, and therefore seeks information that is not relevant to Plaintiffs' claims or Target's defenses. As discussed in the

5

section above, Defendant's relevancy objection is without merit. The information Plaintiffs seek is unquestionably relevant to their class action claims, even prior to class certification. *Jones,* 2011 WL 1312162, at *4; *Wiegele v. Fedex Ground Package System,* No. 06-cv-01330, 2007 WL 628041, at *2 (S.D. Cal. Feb. 8, 2007) ("putative class members possess relevant discoverable information concerning issues dealing with Plaintiff's wage and hour claims, as well as class certification issues").

Second, Defendant objects that the discovery requests seek private and personal information about non-parties to this litigation. Courts routinely find that this objection does not outweigh Plaintiffs' need to obtain discovery to support their motion for class certification. *Curless,* 2011 WL 1335915, at *2; *Whitehorn v. Wolfgang's Steakhouse, Inc.,* No. 09 Civ. 1148, 2010 WL 2362981, at *3 (S.D.N.Y June 14, 2010) (noting that courts have found that a plaintiff's need and due process right to discovery outweighs the privacy concerns raised by the defendant and compelling the defendant to produce class members' names, addresses, phone numbers and job positions in a combined FLSA collective and Rule 23 class action). Moreover, the privacy concerns here are minimal given that the request is only for contact information, and Defendant can designate the supplemental production as confidential under the protective order that was previously entered in this matter. Agreed Confidentiality Order, ECF No. 37; *Balderas v. Illinois Central RR Co.,* No. 20 C 1857, 2021 WL 76813, at *3 (N.D. Ill. Jan. 8, 2021) ("Any privacy concerns defendant might legitimately hold [for employee contact information] are covered and protected by the Confidentiality Agreement"); *Whitehorn,* 2010 WL 2362981, at *3; *Wiegele,* 2007 WL 628041, at *2.

Third, and finally, Defendant objects on the grounds it seeks discovery concerning Plaintiffs' proposed class, which has not been adjudicated, nor approved, by the Court. As

6

discussed above, this objection does not meet Defendant's burden in showing the discovery should be disallowed. Class certification is not required to obtain class-related discovery. *Gebka,* 2021 WL 825612, at *8.

Defendant did not raise any other objections, and should it attempt to raise any late objections, they should be rejected. Fed. R. Civ. P. 33(b)(4); *Stagger v. Experian Info. Sols., Inc.*, No. 21 Civ. 2001, 2021 WL 5299791, at *4 (N.D. Ill. Nov. 15, 2021)("While Rule 34 does not contain express waiver language regarding untimely objections, district courts in the Seventh Circuit have interpreted Rule 34 as containing an implicit waiver provision to parallel Rule 33(b)(4)"); *Buonauro v. City of Berwyn*, No. 08 Civ. 6687, 2011 WL 116870, *4 (N.D. Ill. Jan. 10, 2011) (It is "well-established" that a party's failure to timely make specific objections to discovery requests waives assertion of the objection in the absence of good cause).

### Defendant's Position

Target takes the position that the personal data Plaintiffs request is irrelevant, disproportional to the current needs of the case, and an invasion of the privacy of its current and former employees. Without addressing Target's concerns, Plaintiff has stated that such information has been compelled in other cases and by other courts.

The Supreme Court and this Court have routinely limited the amount of precertification discovery, even where the discovery is not bifurcated, because "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In *Kernats v. Comcast Corp.*, No. 09 C 3368, 2010 WL 8742753, at *1 (N.D. Ill. Jan. 14, 2010), the court denied plaintiff's motion to compel the "identities and contact information, without any reason to find that the requested information will be relevant to the litigation other than Plaintiffs' assertion that the employees are 'putative' members of the class."

7

The court noted "[p]laintiffs need not rely upon" the putative class's identities and contact information to show they are entitled to class certification. *Id.* at *3.

Numerous other courts have similarly held identifying information of potential class members is beyond the bounds of proper precertification discovery because it is irrelevant and subject to abuse. *See e.g.*, *Swelnis v. Univ. Fidelity L.P.*, No. 2:13-CV-104-PRC, 2014 WL 1571323, at *2 (N.D. Ind. April 17, 2014) ("As the Supreme Court held in [*Oppenheimer*], the names and addresses of potential class members do not fall within the scope of allowable discovery under Federal Rule of Civil Procedure 26(b)(1)."); *Telco Group Inc. v. Ameritrade, Inc.*, No. 8:05CV387, 2006 WL 560635, at *2 (D. Neb. March 6, 2006) (holding for a pre-certification discovery request to be relevant, "plaintiff must show that discovery measures will produce persuasive information substantiating the class action allegations").

Plaintiff has sought the identities and contact information for thousands of individuals but has not identified how such information is relevant to this case. Instead, without articulating the relation between the requested discovery and any matter properly provable in this case, *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 722 (N.D. Ill. 2014), Plaintiffs simply argue that because other courts have compelled production of this type of information, the information must also be discoverable here. However, "[t]o look solely to the result in a case 'can be misleading if the holding is carelessly lifted from the case-specific contexts in which they were originally uttered.'" *Miller UK Ltd.*, 17 F. Supp. 3d at 722.

Other than lack of relevance, courts frequently offer two further reasons for restricting invasive discovery into personal identifying information before a class certification ruling. First, "private individuals have a privacy interest in avoiding disclosure of their names and addresses." *Duffy v. Ill. Tool Works Inc.*, No. 15-cv-7407(JFB)(SIL), 2018 WL 1335357, at *6 (E.D.N.Y.

8

March 15, 2018); *see also Velasquez-Monterrosa*, 2015 WL 1964400, at *8 (finding that such discovery constituted an "unjustified intrusion on the employees' privacy"). Second, courts have expressed "concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." *Duffy*, 2018 WL 1335357, at *6 (denying motion to compel production of identifying information of purchasers of the product at issue); *Velasquez-Monterrosa*, 2015 WL 1964400, at *8 (citing the "risk of recruitment of class members outside the bounds of court supervision"); *Swelnis*, 2014 WL 1571323, at *2 ("this restriction prevents lawyers from turning discovery into 'a tool to identify potential new clients'").

Here, the privacy concerns of thousands of Target's former and current employees weighs heavily against the disclosure of the personal data sought, particularly where Plaintiffs have been unable to articulate any proper legal justification for the information.

While Target understands Plaintiffs are entitled to discovery in advance of their motion for conditional certification, the need for contact information at this stage is incomprehensible and Plaintiffs have done nothing to show its relevance. The case law is clear that Plaintiffs are not entitled to the information simply because they have pled a class claim. Absent a relevancy showing, Target believes this contact information need not be produced until Plaintiffs' class has at least been conditionally certified.

Dated: September 6, 2023	Respectfully submitted,

/s/Maureen A. Salas	/s/ Jessica L. Barranco (With Consent)

Douglas M. Werman	Patrick F. Hulla
Maureen A. Salas	Jessica Barranco
Joseph E. Salvi	**OGLETREE DEAKINS**
**WERMAN SALAS P.C.**	700 West 47th Street, Suite 500
77 W. Washington St., Ste 1402	Kansas City, MO 64112
Chicago, IL 60602	816-410-2226
Tel: (312) 419-1008	Patrick.hulla@ogletree.com
dwerman@flsalaw.com	Jessica.barranco@ogletree.com
msalas@flsalaw.com
jsalvi@flsalaw.com	Michael H. Cramer
	**OGLETREE DEAKINS**
Peter Winebrake	155 N. Wacker Drive, Suite 4300
Deirdre Aaron	Chicago, IL 60605
**WINEBRAKE & SANTILLO, LLC**	312-558-1240
715 Twining Rd., Ste 211	Michael.cramer@ogletree.com
Dresher, PA 19025
Tel: (215) 884-2491
pwinebrake@winebrakelaw.com
daaron@winebrakelaw.com

Sarah R. Schalman-Bergen
Krysten Connon
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston St., Ste 2000
Boston, MA 02116
Tel : (267) 256-9973
ssb@llrlaw.com
kconnon@llrlaw.com