**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LUIS CORTEZ AND TRACEY TUCKER,** ) | |
| **on behalf of themselves and other** ) | |
| **individuals others similarly situated,** ) | |
| **known and unknown,** ) | |
| ) | **Case No. 1:23-cv-01435** |
| **Plaintiffs,** ) | |
| **v.** ) | |
| ) | |
| **TARGET CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT'S ANSWER WITH AFFIRMATIVE AND OTHER
DEFENSES TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**

Defendant Target Corporation ("Target" or "Defendant"), by and through its undersigned counsel, submits the following Answer to the Third Amended Class Action Complaint filed by Plaintiffs Luis Cortez and Tracey Tucker ("Plaintiffs"). Unless expressly admitted in this Answer, Target denies all the allegations in Plaintiffs' Third Amended Class Action Complaint ("Amended Complaint"). In support of its Answer, Target states:

**NATURE OF PLAINTIFFS' CLAIMS**

1.     Plaintiffs bring this class action lawsuit against Target seeking all available relief under the Illinois Minimum Wage Law, 820 ILCS §§ 105/1 *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115/1 *et seq.* ("IWPCA"), for Defendant's failure to pay overtime and other earned compensation for time spent on Defendant's premises at the beginning and end of the workday. Such time is compensable work time under Illinois law.

**ANSWER: Target admits Plaintiffs purport to bring claims under the statutes cited in Paragraph 1 of the Complaint, but denies violating the statutes cited, denies that Plaintiffs**

are entitled to any relief under the statutes cited, and denies the remaining allegations in Paragraph 1.

2.      Target's failure to pay for all time worked by its Illinois employees, and its failure to pay all earned overtime wages to its Illinois employees, violates the Illinois Minimum Wage Law, 820 ILCS §§ 105/1 *et seq*.

**ANSWER: Target denies it failed to pay its Illinois employees all compensation for time worked and overtime and denies that it violated the Illinois Minimum Wage Law, 820 ILCS §§ 105/1 *et seq* ("IMWL")**.

3.      Target's failure to pay for all time worked by its Illinois employees violates the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115/1 et seq.

**ANSWER:  Target denies it failed to pay its Illinois employees all compensation for time worked and overtime and denies that it violated the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115/1 *et seq* ("IWPCA").**

<u>**THE PARTIES**</u>

4.      Plaintiff Luis Cortez is an individual residing in Chicago, Illinois. At all relevant times, Plaintiff Cortez has been domiciled in and is a resident of the State of Illinois.

**ANSWER: Target is presently without sufficient information or knowledge to form a belief as to the veracity of the allegation in Paragraph 4 regarding Plaintiff Cortez's place of residence.**

5.      Plaintiff Tracey Tucker is an individual residing in Dekalb, Illinois. At all relevant times, Plaintiff Tucker has been domiciled in and is a resident of the State of Illinois.

**ANSWER: Target is presently without sufficient information or knowledge to form a belief as to the veracity of the allegation in Paragraph 5 regarding Plaintiff Tucker's place of residence.**

6.     The "Class Members," as further defined below, are all current and former hourly paid employees of Target who have worked in Target's Illinois distribution centers.

**ANSWER: Target admits to employing hourly workers in its Illinois distribution centers. Target denies class treatment is appropriate in this case and denies the allegations in Paragraph 6.**

7.     Defendant is a corporation headquartered in Minneapolis, MN and registered to do business in Illinois.

**ANSWER: Target admits the allegations in Paragraph 7.**

8.     At all material times, Target was and is legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiffs and Class Members. *See* Illinois Minimum Wage Law, 820 ILCS § 105/3(c); Illinois Wage Payment and Collection Act, 820 ILCS § 115/2.

**ANSWER: Target admits that it employed Plaintiffs Cortez and Tucker. Target denies class treatment is appropriate in this case, denies that a class exists, denies it engaged in any unlawful activity, and denies the remaining allegations in Paragraph 8.**

9.     At all material times, Plaintiffs and Class Members were employees of Target within the meaning of the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act. 820 ILCS § 105/3; 820 ILCS § 115/2.

**ANSWER: Target admits it employed Plaintiffs Cortez and Tucker, and other employees within the meaning of the IMWL and IWPCA. Target denies class treatment is**

appropriate in this case, denies that a class exists, and denies the remaining allegations in Paragraph 9.

## FACTUAL BACKGROUND

10.     Defendant is a retailer offering "everyday essentials and fashionable, differentiated merchandise at discounted prices" available for purchase "in stores or through our digital channels." *See* SEC Form 10-K for the Fiscal Year Ended January 29, 2021 ("Annual Report") at 2.

**ANSWER:  Target admits the allegations in Paragraph 10.**

11.     In order to support these retail operations, Defendant operates distribution centers. *See*, *e.g.*, Annual Report at 4 ("The vast majority of merchandise is distributed to our stores through our network of distribution centers.").

**ANSWER: Target admits that it operates distribution centers that support its retail operations, and further admits that Paragraph 11 correctly quotes a portion of Target's SEC Form 10-K for the Fiscal Year Ended January 29, 2022.**

12.     Target operates distribution centers in Illinois and across the country. *See* Annual Report at 14. Upon information and belief, Defendant has distribution centers throughout the state, including Chicago, Joliet, Elmhurst, and DeKalb.

**ANSWER: Target admits that it operates distribution centers in various locations in the United States, including Chicago, Joliet, Elmhurst, and DeKalb, Illinois.**

13.     Plaintiff Cortez worked for Target as an hourly, non-exempt employee at the Target distribution center located within Chicago, Illinois at 3501 South Pulaski Road. He was employed by Target from approximately December 2021 to April 2022.

**ANSWER: Target admits that it formerly employed Plaintiff Cortez from December 7, 2021 through April 17, 2022, as an hourly, non-exempt employee at its Chicago, Illinois distribution center located at 3501 South Pulaski Road.**

14.     Plaintiff Tucker worked for Target as an hourly, non-exempt employee at the Target distribution center located within Dekalb, Illinois at 1111 Macom Drive. She was employed by Target from approximately January 2022 to August 2022.

**ANSWER: Target admits that it formerly employed Plaintiff Tucker from January 11, 2022 through August 10, 2022, as an hourly, non-exempt employee at its Dekalb, Illinois distribution center located at 1111 Macom Drive.**

15.     Plaintiff Cortez primarily worked a schedule from Wednesday through Saturday between 10:00 p.m. to 8:30 a.m. In one or more individual work weeks during his employment, Plaintiff Cortez worked 40 hours or more than 40 hours.

**ANSWER: Target admits Plaintiff Cortez primarily worked between the hours of 10:00 p.m. and 8:30 a.m. from Wednesday through Saturday.  Target denies that Plaintiff Cortez ever worked forty hours or more in a single workweek.**

16.     Plaintiff Tucker primarily worked a schedule from Wednesday through Saturday between 4:00 p.m. to 2:00 a.m. In one or more individual work weeks during her employment, Plaintiff Tucker worked 40 hours or more than 40 hours.

**ANSWER: Target admits Plaintiff Tucker primarily worked between the hours of 4:00 p.m. and 2:00 a.m. from Wednesday through Saturday and that Plaintiff Tucker was clocked in for 40 hours or more than 40 hours in at least one work week during her employment.**

17.     Plaintiff Cortez worked with thousands of other hourly paid Target workers at the 3501 South Pulaski Road distribution center.

**ANSWER: Defendant admits the allegations in Paragraph 17.**

18.     Plaintiff Tucker worked with hundreds of other hourly paid Target workers at the Dekalb distribution center.

**ANSWER: Defendant admits the allegations in Paragraph 18.**

19.     At the beginning of the workday, Defendant required Plaintiff Cortez, Plaintiff Tucker, and other Class Members to go through a security screening. The time spent going through the security check included time that Plaintiff Cortez, Plaintiff Tucker, and other Class Members had to wait while other employees were also lined up to go through security screening. Defendant did not pay Plaintiff Cortez, Plaintiff Tucker, and other Class Members for time associated with the mandatory security screenings.

**ANSWER:  Target admits Plaintiffs Cortez and Tucker, and other hourly, non-exempt employees passed through metal detectors at the beginning of the workday, which may have included waiting for other employees to go through the metal detectors.  Target further admits Plaintiffs Cortez and Tucker, and other hourly, non-exempt employees, who were compensated in accordance with applicable state and federal law, including the IMWL and IWPCA, did not clock in prior to the de minimis time spent passing through the metal detectors.**

20.     Defendant did not pay Plaintiff Cortez, Plaintiff Tucker and other Class Members for time associated with the mandatory security screenings.

**ANSWER: Target admits Plaintiffs Cortez and Tucker, and other hourly, non-exempt employees, who were compensated in accordance with applicable state and federal**

**law, including the IMWL and IWPCA, did not clock in prior to the de minimis time spent**

**passing through metal detectors**

21.     After going through the security screenings, Defendant generally required Plaintiff Cortez, Plaintiff Tucker, and other Class Members to walk within the distribution center to the time clock.

**ANSWER: Target admits Plaintiffs Cortez and Tucker, and other hourly, non-exempt employees were required to clock in at an appropriate time clock prior to performing their assigned work duties.  Target further admits Plaintiffs Cortez and Tucker, and other hourly, non-exempt employees, who were compensated in accordance with applicable state and federal law, including the IMWL and IWPCA, did not clock in prior to the de minimis time spent walking to the appropriate time clock.**

22.     After Plaintiffs clocked-in on the time clock, they then had to walk to their assigned work locations.

**ANSWER: Target admits Plaintiffs Cortez and Tucker, and other hourly, non-exempt employees were required to clock in at an appropriate time clock and then walk to their specific start up location before they could begin performing their assigned work duties.**

23.     Plaintiffs were required to be at their assigned work location by the start time of their scheduled shift.

**ANSWER: Target admits Plaintiffs Cortez and Tucker, and other hourly, non-exempt employees were required to be at their specific start up location before they could begin performing their assigned work duties.**

24.     Defendant did not begin to pay Plaintiff Cortez, Plaintiff Tucker, and Other Class Members until the start time of their scheduled shift.

7

**ANSWER: Target admits Plaintiffs Cortez and Tucker, and other hourly, non-exempt employees, who were compensated in accordance with applicable state and federal law, including the IMWL and IWPCA, were paid at the time they began performing their assigned work duties, which was typically their scheduled start time.**

25.     Defendant did not pay Plaintiff Cortez, Plaintiff Tucker, and Other Class Members for the time they were required to be on Defendant's premises prior to the start time of their scheduled shift, including but not limited to the time they spent going through security screenings and walking within the distribution center to their assigned work areas.

**ANSWER: Target admits Plaintiffs Cortez and Tucker, and other hourly, non-exempt employees were required to clock in at an appropriate time clock and then walk to their specific start up location before they could begin performing their assigned work duties. Target further admits Plaintiffs Cortez and Tucker, and other hourly, non-exempt employees, who were compensated in accordance with applicable state and federal law, including the IMWL and IWPCA, did not clock in prior to the de minimis time spent walking to the appropriate time clock or passing through metal detectors.**

26.     At the end of the workday, Defendant generally required Plaintiff Cortez, Plaintiff Tucker, and other Class Members to "clock out", walk through Defendant's Distribution center and then wait in line and undergo a security screening before exiting the distribution center. Defendant did not pay Plaintiff Cortez, Plaintiff Tucker, and other Class Members for time associated with such mandatory walk time or security screenings.

**ANSWER: Target admits Plaintiffs Cortez and Tucker, and other hourly, non-exempt employees were required to clock out at an appropriate time clock and then exit the building through a metal detector. Target further admits Plaintiffs Cortez and Tucker, and**

other hourly, non-exempt employees, who were compensated in accordance with applicable state and federal law, including the IMWL and IWPCA, clocked out prior to the de minimis time spent exiting the building and passing through the metal detectors.

27. Defendant did not pay Plaintiff Cortez, Plaintiff Tucker, and Other Class Members for all time they were required to be on Defendant's premises before they were permitted to exit the distribution center.

**ANSWER: Target admits Plaintiffs Cortez and Tucker, and other hourly, non-exempt employees were required to clock out at an appropriate time clock before exiting the building. Target further admits Plaintiffs Cortez and Tucker, and other hourly, non-exempt employees, who were compensated in accordance with applicable state and federal law, including the IMWL and IWPCA, clocked out prior to the de minimis time spent exiting the building and passing through metal detectors.**

28. Plaintiff Cortez was a full-time employee generally scheduled to work 40 hours per week. As such, his paid time combined with his unpaid time generally totaled over 40 hours per week.

**ANSWER: Target admits Plaintiff Cortez was generally scheduled for 40 hours per week at the Chicago, Illinois Distribution Center. Target denies that Plaintiff Cortez ever worked 40 hours in a week and the remaining allegations in Paragraph 28.**

29. Plaintiff Tucker was a full-time employee generally scheduled to work 40 hours per week. As such, her paid time combined with her unpaid time generally totaled over 40 hours per week.

**ANSWER: Target admits Plaintiff Tucker was generally scheduled for 40 hours per week at the Dekalb, Illinois Distribution Center.  Target denies the remaining allegations in Paragraph 29.**

30.     The unpaid time should have been paid by Target because it constitutes compensable time worked.

**ANSWER: Target denies the allegations in Paragraph 30.**

31.     Under the IMWL, "hours worked" includes "all the time an employee is required to be on duty, or on the employer's premises, or at other prescribed places of work, and any additional time he or she is required or permitted to work for the employer." 56 Ill. Admin. Code § 210.110.

**ANSWER:  Target admits Paragraph 31 correctly quotes the definition of "hours worked" under the Illinois Administrative Code.**

32.     The time Target required for its hourly employees to be on the premises of its distribution centers constitutes "hours worked" under law.

**ANSWER: Target denies the allegations in Paragraph 32.**

33.     The pre-shift time Target required its hourly employees to be on Target's premises, including but not necessarily limited to the time Target required hourly employees to complete a security screen and to walk within the distribution center to the time clock and then to their assigned work location constitutes "hours worked" under Illinois law.

**ANSWER: Target denies the allegations in Paragraph 33.**

34.     The time Target required its hourly employees to walk within the distribution center from the time clock to the security screen and to complete the security screen constitutes "hours worked" under Illinois law.

**ANSWER: Target denies the allegations in Paragraph 34.**

35.     In light of Target's conduct in not compensating Class Members for all hours worked, Plaintiffs and Class Members are owed significant unpaid wages and penalties.

**ANSWER: Target denies the allegations in Paragraph 35.**

## CLASS ACTION ALLEGATIONS

36.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed classes, which are comprised of:

### Illinois Minimum Wage Law Class

>   **All current and former hourly paid employees of Target who worked at least 40 hours at Target's Illinois distribution centers in at least one week in Illinois in the three-year period before the filing of the Original Complaint to the final resolution of this Action.**

### Illinois Wage Payment and Collection Act Class

>   **All current and former hourly paid employees of Target who worked at Target's Illinois distribution centers in at least one week in Illinois in the ten-year period before the filing of the Original Complaint to the final resolution of this Action.**

**ANSWER: Target admits Plaintiffs purport to pursue a class action on behalf of current and former hourly paid employees in Illinois.  Target denies class treatment is appropriate in this case and denies the remaining allegations in Paragraph 36.**

37.     In the alternative to the claim filed under the Illinois Wage Payment and Collection Act, Plaintiffs bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Quantum Meruit Class, which is comprised of:

### Quantum Meruit Class

>   **All current and former hourly paid employees of Target who worked at Target's Illinois distribution centers in at least one week in Illinois in the five-year period before the filing of the Original Complaint to the final resolution of this Action.**

**ANSWER: Target admits Plaintiffs purport to pursue a class action on behalf of current and former hourly paid employees in Illinois. Target denies class treatment is appropriate in this case and denies the remaining allegations in Paragraph 37.**

38.     Plaintiffs and Class Members are not exempt from the IMWL or IWPCA.

**ANSWER: Target admits that Plaintiffs were not exempt from the IMWL. Target denies class treatment is appropriate in this case, denies a class exists, and otherwise denies the remaining allegations in Paragraph 38.**

39.     Defendant agreed to pay Plaintiffs and Class Members an hourly rate of pay for all time worked.

**ANSWER: Target admits it compensated Plaintiffs an hourly rate of pay for all time worked. Target denies class treatment is appropriate in this case, denies that a class exists, denies that it entered into an agreement with Plaintiffs or any other purported class member to pay a specific hourly rate for all time worked, and otherwise denies the remaining allegations in Paragraph 39.**

40.     Under the IWPCA, Plaintiffs and Class Members are entitled to be paid their agreed upon hourly rate for all time they work in individual work weeks.

**ANSWER: Target denies class treatment is appropriate in this case, denies that a class exists, denies that it entered into an agreement with Plaintiffs or any other purported class member to pay a specific hourly rate for all time worked, and otherwise denies the remaining allegations in Paragraph 40.**

41.     Under the IMWL, Plaintiffs and Class Members who work more than forty (40) hours in an individual work week are entitled to overtime pay.

**ANSWER: Target denies class treatment is appropriate in this case, denies that a class exists, denies that it failed to properly pay Plaintiffs or any other purported Illinois class member for all time worked in accordance with Illinois law, and otherwise denies the remaining allegations in Paragraph 41.**

42.    Plaintiffs and the Class are similar to one another because they were all subject to the same allegedly illegal practices: failing to pay overtime wages for time associated with various required activities arising on Defendant's premises at the beginning and end of the workday.

**ANSWER: Target denies the allegations in Paragraph 42.**

43.    The Class includes more than 100 members.

**ANSWER: Target admits Plaintiffs purport to bring this as a Class Action and it employs hundreds of individuals in its Illinois distribution centers. Target denies class treatment is appropriate in this case, denies a class exists, and otherwise denies the remaining allegations in Paragraph 43.**

44.    As a result, the Class is so numerous that joining all Class Members in one lawsuit is not practical.

**ANSWER: Target denies the allegations in Paragraph 44.**

45.    Plaintiffs' claims are typical of the Class Members' claims because as a result of Target's company-wide policies, Plaintiffs and Class Members were not paid for all time worked each day and all overtime wages earned in individual work weeks and are owed significant unpaid wages.

**ANSWER: Target denies the allegations in Paragraph 45.**

46.    Plaintiffs and their counsel will fairly and adequately protect the interests of the Class.

**ANSWER: Target denies class treatment is appropriate in this case, denies that a class exists, and denies the allegations in Paragraph 46.**

47.     Plaintiffs retained counsel experienced in complex class action litigation.

**ANSWER: Target admits the allegations in Paragraph 47.**

48.     Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact and law include, but are not limited to:

    a.  Whether Target's practice of failing to pay for all time associated with various required activities arising on the Defendant's premises at the beginning and end of the workday violates the IMWL and IWPCA;

    b.  Whether Target failed to pay Plaintiffs and the Class all the wages they earned;

    c.  Whether Target failed to pay Plaintiffs and the Class wages for all overtime hours worked; and

    d.  The proper measure of damages sustained by Plaintiffs and the Class.

**ANSWER: Target denies the allegations in Paragraph 48 and denies class treatment is appropriate in this case.**

49.     These common questions of law and fact predominate over the variations that may exist between members of the Class, if any.

**ANSWER: Target denies the allegations in Paragraph 49 and denies class treatment is appropriate in this case.**

50.     Plaintiffs, the Class Members, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

**ANSWER: Target denies the allegations in Paragraph 50.**

51.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. The damages suffered by the individual class members are small compared to the expense and burden of individual prosecutions of this litigation. Prosecuting hundreds of identical, individual lawsuits would not promote judicial efficiency or equity. Class certification will eliminate the need for duplicate litigation.

**ANSWER:  Target denies class treatment is appropriate in this case and denies the allegations in Paragraph 51.**

52.     The prosecution of this matter in hundreds of identical, individual lawsuits would create a risk of inconsistent results and would establish incompatible standards of conduct for Target.

**ANSWER: Target denies the allegations in Paragraph 52.**

53.     The identities of the Class Members are readily identifiable from Target's records.

**ANSWER: Target denies class treatment is appropriate in this case, denies a class exists, and denies the allegations in Paragraph 53.**

<u>**COUNT I**</u>
**Violation of the Illinois Minimum Wage Law**

54.     Plaintiffs hereby incorporate and reallege the foregoing paragraphs as though set forth herein.

**ANSWER: Target incorporates by reference its answers and responses to the preceding Paragraphs as if fully set forth herein.**

55.     The IMWL entitles covered employees to overtime compensation of not less than one and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of forty (40) in one workweek. *See* 820 Ill. Comp. Stat § 105/4a(1).

**ANSWER: Target admits the allegations in Paragraph 55 but denies any violation of the statute cited.**

56.     Defendant is subject to the IMWL's overtime requirements because Defendant is an employer under 820 Ill. Comp. Stat § 105/3(c).

**ANSWER: Target admits the allegations in Paragraph 56 but denies any violation of the statute cited.**

57.     During all relevant times, Plaintiffs and the IMWL Class Members were covered employees entitled to the above-described IMWL protections. *See* 820 Ill. Comp. Stat § 105/3(d).

**ANSWER: Target admits Plaintiffs and other hourly employees of Target were entitled to and received the protections afforded by the IMWL. Target denies class treatment is appropriate in this case, denies a class exists, and denies the remaining allegations in Paragraph 57.**

58.     Plaintiffs and the IMWL Class Members are not exempt from the IMWL.

**ANSWER: Target admits Plaintiffs and some other hourly employees of Target were not exempt from the IMWL. Target denies class treatment is appropriate in this case, denies a class exists, and denies violating the IMWL.**

59.     Plaintiffs and the IMWL Class Members routinely worked in excess of 40 hours per workweek.

**ANSWER: Target denies the allegations in Paragraph 59.**

60.     As described in the foregoing paragraphs, Defendant's policy and practice of not paying for time associated with various required activities arising on the Defendant's premises at the beginning and end of the workday are in violation of the IMWL. *See* 820 ILCS §§ 115/1 *et seq*.

**ANSWER: As described in its answers to foregoing paragraphs, Target denies the allegations in Paragraph 60.**

61.     Defendant knowingly failed to compensate Plaintiffs and the IMWL Class Members for all hours worked and hours worked in excess of forty (40) hours in a workweek, in violation of the IMWL.

**ANSWER: Target denies the allegations in Paragraph 61.**

62.     Pursuant to 820 Ill. Comp. Stat. § 105/12(a), Defendant is liable to Plaintiffs and IMWL Class Members for, *inter alia*, unpaid wages for three years prior to the filing of the lawsuit, treble damages, statutory penalties in the amount of five percent (5%) per month of the amount of underpayment, and reasonable attorneys' fees and costs.

**ANSWER: Target denies the allegations in Paragraph 62.**

<u>**COUNT II**</u>
**Violation of the Illinois Wage Payment and Collection Act**

63.     Plaintiffs hereby incorporate and reallege the foregoing paragraphs as though set forth herein.

**ANSWER: Target incorporates by reference its answers and responses to the preceding Paragraphs as if fully set forth herein.**

64.     The IWPCA requires employers to pay employees within 13 days after the end of a semi-monthly or bi-weekly pay period or within seven days after a weekly pay period in full at the lawful rate. *See* 820 Ill. Comp. Stat. § 115/4.

**ANSWER: Target admits the IWPCA requires employers to pay certain employees within 13 days after the end of a semi-monthly or bi-weekly pay period or within seven days after a weekly pay period in full at the lawful rate, but denies that the IWPCA requires employers to pay all employees within 13 days after the end of a semi-monthly or bi-weekly**

17

pay period or within seven days after a weekly pay period and denies that Target violated the IWPCA.

65. If an employer fails to pay an employee all wages earned by the statutory deadline, the employee may commence a civil action to recover the amount of any underpayment and damages in the amount of five percent (5%) of each underpayment compounded monthly, plus costs and reasonable attorneys' fees. *See* 820 Ill. Comp. Stat. § 115/14.

**ANSWER: Target admits the IWPCA entitles an eligible employee to "recover through a . . . civil action . . . the amount of any underpayments for each month following the date of payment during which such underpayments for each month following the date of payment during which such underpayments remain unpaid. . . . [and] also recover costs and all reasonable attorney's fees," but denies that this provision of the IWPCA applies to all employees and denies that Target violated the IWPCA.**

66. Pursuant to 735 Ill. Comp. Stat. § 5/13-206, the statute of limitations applicable to the IWPCA is ten years after accrual of the cause of action.

**ANSWER: Target admits the statute of limitations applicable to an IWPCA claim is ten years.**

67. Plaintiffs and the IWPCA Class Members are employees for purposes of the IWPCA. *See* 820 Ill. Comp. Stat. § 115/2.

**ANSWER: Target admits Plaintiffs and other hourly employees of Target meet the definition of "employee" under the IWPCA. Target denies class treatment is appropriate in this case and denies a class exists.**

68. Defendant is an employer for purposes of the IWPCA. *See* 820 Ill. Comp. Stat. § 115/2.

**ANSWER: Target admits it meets the definition of "employer" under the IWPCA but denies any violation of the statute cited.**

69.     Defendant's actions, policies and/or practices as described above violate the IWPCA by failing to compensate Plaintiffs and the IWPCA Class Members all time they worked at the hourly rates Defendant agreed to pay them for the work they performed.

**ANSWER: Target denies the allegations in Paragraph 69.**

70.     As a direct and proximate result of this practice, Plaintiffs and the IWPCA Class Members have suffered loss of income and other damages to be determined at trial.

**ANSWER: Target denies the allegations in Paragraph 70.**

71.     As such, Defendant is liable to Plaintiffs and IWPCA Class Members for all unpaid hourly wages, damages in the amount of five percent (5%) per month of the amount of the underpayment, and reasonable attorneys' fees and costs. See 820 Ill. Comp. Stat. § 115/14.

**ANSWER: Target denies the allegations in Paragraph 71.**

<u>**COUNT III**</u>
**Quantum Meruit (Pleaded in the Alternative to the IWPCA Count)**

72.     Target implemented a company-wide policy requiring each of its hourly, non-exempt employees to undergo a security screening at the beginning and at the end of each shift.

**ANSWER:  Target denies the allegations in Paragraph 72.**

73.     The security screen was imposed by Target as a requirement to work each shift.

**ANSWER:  Target admits hourly employees at its Illinois Distribution Centers passed through metal detectors prior to clocking in and after clocking out for each shift.  Target denies all remaining allegations in Paragraph 73.**

74.     The security screen was conducted on the premises of Target, was required by Target, and was necessary for each employee to perform their work for Target.

19

**ANSWER: Target admits hourly employees at its Illinois Distribution Centers passed through on-premises metal detectors prior to clocking in and after clocking out for each shift. Target denies all remaining allegations in Paragraph 74.**

75.     Target also implemented a company-wide policy requiring each of its hourly, non-exempt employees to walk within the distribution center to the time clock and then to their assigned work locations prior to their scheduled start time of their assigned shift.

**ANSWER: Target denies the allegations in Paragraph 75.**

76.     Target implemented a company-wide policy requiring each of its hourly, non-exempt employees to walk within the distribution center from the time clock and to the security screen before exiting the distribution center.

**ANSWER: Target denies the allegations in Paragraph 76.**

77.     Target implemented a company-wide policy requiring each of its hourly, non-exempt employees to be at their assigned work location by the start time of their scheduled shift.

**ANSWER: Target denies the allegations in Paragraph 77.**

78.     The unpaid walking time was imposed by Target as a requirement to work each shift.

**ANSWER: Target denies the allegations in Paragraph 78.**

79.     The walking time occurred on the premises of Target, was required by Target, and was necessary for each employee to perform their work for Target.

**ANSWER: Target denies the allegations in Paragraph 79.**

80.     Target did not pay employees for the time they spent undergoing the security screenings.

**ANSWER: Target admits Plaintiffs and other hourly, non-exempt employees, who were compensated in accordance with applicable state and federal law, were not paid for the de minimis time spent passing through the metal detectors.**

81. Target did not pay employees for the time associated with walking to the time clock.

**ANSWER: Target admits Plaintiffs and other hourly, non-exempt employees, who were compensated in accordance with applicable state and federal law, were not paid for the de minimis time spent walking to an appropriate time clock before clocking in to begin work or to clock out after concluding work.**

82. Target did not pay employees for the time associated with walking from the time clock to their assigned work locations.

**ANSWER: Target denies the allegations in Paragraph 82.**

83. Target did not pay employees for the time between their clock-in time and the start time of their scheduled shift.

**ANSWER: Target admits Plaintiffs and other hourly, non-exempt employees, who were compensated in accordance with applicable state and federal law, were not paid for the de minimis time they may have been clocked in prior to beginning their assigned work duties.**

84. Target did not pay employees for the time associated with walking from the time clock to the security screen at the conclusion of the workday.

**ANSWER: Target admits Plaintiffs and other hourly, non-exempt employees, who were compensated in accordance with applicable state and federal law, were not paid for the de minimis time they spent while not working and walking from the time clock to the metal detectors at the end of their respective shifts.**

85.     Plaintiffs and the Quantum Meruit Class provided and furnished to Target their valuable time and services by submitting to required security screenings and walking time within the distribution centers and by being at their assigned work location at the start time of their scheduled shift.

**ANSWER:  Target denies the allegations in Paragraph 85.**

86.     Target benefitted from the time Plaintiffs and the Quantum Meruit Class spent in Target's facility prior to the start time of their scheduled shift.

**ANSWER:  Target denies the allegations in Paragraph 86.**

87.     It would be unjust for Target to retain the benefit of the time Plaintiffs and the Quantum Meruit Class spent in Target's facility prior to the start time of their scheduled shift.

**ANSWER:  Target denies the allegations in Paragraph 87.**

88.     Target benefitted from the time Plaintiffs and the Quantum Meruit Class spent in Target's facility after Plaintiffs and the Quantum Meruit Class clocked out on the time clock..

**ANSWER:  Target denies the allegations in Paragraph 88.**

89.     It would be unjust for Target to retain the benefit of the time Plaintiffs and the Quantum Meruit Class spent in Target's facility after they clocked out on the time clock.

**ANSWER:  Target denies the allegations in Paragraph 89.**

90.     Plaintiffs and the Quantum Meruit Class, by providing unpaid labor, conveyed a benefit to Target which Target knowingly received.

**ANSWER:  Target denies the allegations in Paragraph 90.**

91.     Instead of incurring significant business, operating, and labor costs by paying for these services, Target knowingly shifted that responsibility, risk, and considerable cost to Plaintiffs

and the Quantum Meruit Class. As a result, Target was unjustly enriched because those shifted costs were borne and absorbed by Plaintiffs and the Quantum Meruit Class.

**ANSWER: Target denies the allegations in Paragraph 91.**

92.     Target is not entitled to this benefit without payment to Plaintiffs and the Quantum Meruit Class, and retention of such benefits, without payment, would be unjust to Plaintiffs and the Quantum Meruit Class.

**ANSWER: Target denies the allegations in Paragraph 92.**

93.     By the course of conduct set forth above, Target is liable to Plaintiffs and the Quantum Meruit Class under Quantum Meruit.

**ANSWER: Target denies the allegations in Paragraph 93.**

94.     Due to Target's actions, Plaintiffs and the Quantum Meruit Class are entitled to recover all of their unpaid regular (but not overtime) compensation, and such other legal and equitable relief stemming from Target's conduct.

**ANSWER: Target denies the allegations in Paragraph 94.**

## JURY DEMAND

95.     Plaintiffs hereby demand trial by jury on all issues.

**ANSWER: Target admits Plaintiffs demand a jury trial. Target does not consent to the trial by jury of any issue not required by law to be tried to a jury, including, but not limited to, any determination of equitable remedies.**

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Federal Rule of Civil Procedure 8, Target asserts the following affirmative and other defenses without assuming any burden of production or proof that is properly borne by Plaintiffs, or any other individual in the putative class. Target reserves the right to amend its answer

to assert additional affirmative and other defenses as may become available or apparent during the course of litigation.

1.     The Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted for Plaintiffs and/or some, or all, of the putative class members.

2.     Some, or all, of Plaintiffs' claims, as well as the claims of some, or all, of the individuals Plaintiffs seek to represent are barred, in whole, or in part, because some, or all, of these individuals lack standing to seek some, or all, of the requested relief.

3.     Some, or all, of Plaintiffs' claims and the claims of some, or all, of the individuals Plaintiffs seek to represent are barred, in whole, or in part, because the individuals have already been paid and/or received all wages due to them under state law, including the IMWL and IWPCA.

4.     Some, or all, of Plaintiffs' claims, as well as the claims of some, or all, of the individuals Plaintiffs seek to represent are barred, in whole, or in part, because they have been paid at or above, any required minimum wage.

5.     Some, or all, of Plaintiffs' claims, as well as the claims of some, or all, of the individuals Plaintiffs seek to represent are barred, in whole, or in part, because some, or all, of the individuals have failed to mitigate their damages or otherwise avoid harm.

6.     Plaintiffs, and/or some, or all, of the individuals Plaintiffs seek to represent are barred, in whole or in part, because they have sustained no damages.

7.     Plaintiffs, and/or some, or all, of the individuals Plaintiffs seek to represent are barred, in whole or in part, by the de minimis doctrine.

8.     Plaintiffs' claims, as well as those of some, or all, of the individuals they seek to represent are barred, in whole or in part, by the doctrines of release, accord and satisfaction, waiver, estoppel, unclean hands, set-off, and/or avoidable consequences.

9.     Plaintiffs' claims, as well as those of some, or all, of the individuals they seek to represent are barred, in whole, or in part, to the extent the claimed activities were non-compensable time.

10.     Defendant's pay practices were adopted in good faith, and in conformity with, and in reliance on, written administrative regulations, orders, rulings, approvals, or interpretations of the IMWL and IWPCA.

11.     Plaintiffs' claims individually, and on behalf of the putative members of the purported class, if allowed to be tried with so-called representative evidence, would violate the Illinois Constitution, and the procedural and substantive Due Process clauses of the U.S. Constitution.

12.     Target reserves the right to request a bifurcated trial on the issues of liability and damages.

13.     Target respectfully reserves the right to assert additional defenses as it currently does not have sufficient information upon which to form a belief as to whether there may exist additional, as yet unstated, defenses beyond those listed above.

**WHEREFORE,** Defendant prays for judgment, decree, and order of this Court as follows:

1.     That Plaintiffs' Third Amended Complaint be dismissed with prejudice and Plaintiffs take nothing thereunder;

2.     That Defendant be granted its costs, expenses, and attorneys' fees incurred in the course of defending this matter pursuant to applicable law; and

3.     That Defendant be granted such other equitable or legal relief as the Court may deem reasonable, just, and proper.

DATED:   October 13, 2023

Respectfully submitted,


By:    /s/ Jessica L. Barranco
One of the Attorneys for Defendant

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

Michael H. Cramer (ARDC No. No. 6199313)
155 N. Wacker Drive, Suite 4300
Chicago, IL 60606
Telephone: 312.558.1220
Facsimile:  312.807.3619
michael.cramer@ogletree.com

Patrick F. Hulla (*admitted pro hac vice*)
Jessica Barranco (*admitted pro hac vice admission*)
700 West 47th Street, Suite 500
Kansas City, MO 64112
Telephone: 816.410.2226
Facsimile: 816.471.1303
patrick.hulla@ogletree.com
jessica.barranco@ogletree.com

Attorneys for Defendant Target Corporation

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies, on October 13, 2023, the foregoing Answer with Affirmative and Other Defenses to Plaintiffs' Third Amended Class Action Complaint was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Douglas M. Werman
Maureen A. Salas
Werman Salas P.C. (#42031)
77 W. Washington St., Ste. 1402
Chicago, IL  60602
312.419.1008
dwerman@flsalaw.com
msalas@flsalaw.com

Peter Winebrake
Deirdre Aaron
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
215.884.2491

Sarah R. Schalman-Bergen
Krysten Connon*
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
267.256.9973
ssb@llrlaw.com
kconnon@llrlaw.com

*Attorneys for Plaintiffs*

*\* Pro Hac Vice admission forthcoming*

/s/  Jessica L. Barranco
   One of the Attorneys for Defendant

27