# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUIS CORTEZ and TRACEY TUCKER, on behalf of themselves and other individuals similarly situated, known and unknown, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:23-cv-01435<br>)<br>) Honorable Franklin U. Valderrama |
| TARGET CORPORATION, | )<br>) Magistrate Judge Appenteng |
| Target. | ) |

**<u>Plaintiffs' Rule 37 Motion to Compel Discovery</u>**

Plaintiffs Luis Cortez and Tracey Tucker ("Plaintiffs") file this motion under Federal Rule of Civil Procedure 37 to compel Defendant Target Corporation ("Target") to produce several categories of documents and information relevant to Plaintiffs' case and their forthcoming motion for class certification. Plaintiffs have filed this case as a class action on behalf of themselves and other similarly situated hourly paid warehouse workers employed by Target in Illinois. Yet, in its response to Plaintiffs' discovery requests, Target treats this case as an individual action, rather than a putative class action. Target objects to producing class member payroll, timekeeping, and security badge swipe time data. The information Plaintiffs seek is relevant to their class action claims, and Target's objections are not justified. This is evidenced by a recent ruling from a federal court in Pennsylvania requiring Target to produce the same records sought in this motion in a parallel action seeking unpaid wages on behalf of warehouse workers under the Pennsylvania Minimum Wage Act ("PMWA"). Target should likewise be compelled to produce the highly relevant records in this matter.

The Parties also are at impasse with respect to Plaintiffs' request that Target identify individuals who worked as Senior Operations Managers and Operations Managers at its five Illinois warehouses. Although Target provided Plaintiffs with a list of 117 names, Target refused to identify where these individuals worked or their job title. Target's answer is evasive and incomplete, and it must be supplemented.

**I. Factual Background**

Plaintiff Luis Cortez worked at Target's distribution center in Chicago, Illinois. Third Am. Compl. ¶ 13, ECF No. 45. Plaintiff Tracey Tucker worked at Target's distribution center in DeKalb, Illinois. *Id.,* ¶ 14. Targets operate three additional warehouses in Illinois. See n.2, *infra*. Plaintiffs filed this case as a putative class action, alleging that Target failed to pay them for all

2

time they worked in violation of the Illinois Minimum Wage Law, the Illinois Wage Payment and Collective Act, and under a theory of quantum meruit.

Plaintiffs allege that Target required hourly warehouse workers to perform work on Target's premises prior to the start of their scheduled shift but did not pay employees until the start of their scheduled shift. *Id.,* ¶¶ 19-25. Specifically, Target has a policy requiring hourly paid employees to enter the warehouse and go through security by badging into the secure facility *Id.,* ¶ 19. Employees must then walk through the warehouse to clock in on the time clocks, and then they must walk from the time clock to their assigned work area. *Id.,* ¶ 20. Given the large number of employees who enter the warehouses at the same time, employees are required to wait in line to complete these required tasks. *Id.,* ¶ 19. Although employees are required to perform these tasks on Target's premises before the scheduled shift start time, Target does not pay employees until their scheduled shift start time. *Id.,* ¶ 20. Target also required employees to walk through Target's warehouse and complete a security screen while off-the-clock at the end of their workday. *Id.,* ¶ 26. Plaintiffs contend that the time Target requires hourly paid employees to be on its premises before their shift is scheduled to begin and after they clock out is compensable under Illinois law. *Id.* at ¶ 27.

The Parties previously reached impasse on Plaintiffs' request for contact information for putative class members, and they submitted their respective positions in a joint filing on September 6, 2023. *See* Joint Statement on Discovery Impasse, ECF No. 44. That discovery dispute is still pending Court resolution.

On October 11, 2023, the Parties submitted a Joint Status Report reporting that the Parties were at impasse on Plaintiffs' request for electronic data identifying the time putative class members badged their identification cards and passed through security, clocked in and out on the

time clocks, and Plaintiffs' request for payroll data. ECF No. 48. The Court issued an order requiring Plaintiffs to file a motion with respect to this specific dispute by October 31, 2023. ECF 49. Since the filing of the October 11, 2023 Joint Status Report, the Parties also reached impasse with respect to Defendant's identification of key witnesses.

**II.      The At-Issue Discovery Requests**

    **A.  Plaintiff Cortez's First Set of Discovery Requests**

    These are the at-issue discovery requests, and Target's responses:

    **Interrogatory No. 3**: State (or, pursuant to Federal Rule of Civil Procedure 33(d), produce documents stating) the following information for each Class Member during *each week* since January 11, 2013: a) his/her hourly pay rate; b) the number of hours and minutes for which he/she received compensation; c) his/her total compensation; and d) the portion of his/her total compensation (if any) attributable to overtime premium compensation.

    **Interrogatory No. 4**: State the following information for Plaintiff and each Class Member during *each day* since January 11, 2013: a) the time he/she swiped any badge the time he/she swiped any badge or otherwise recorded his/her entrance into the Facility prior to clocking in for pay purposes at the beginning of the workday; b) the time he/she passed through any security screening process or device at the Facility; c) the time he/she clocked-in for pay purposes at the beginning of the workday; d) the time he/she started getting paid at the beginning of the workday; e) the time he/she clocked-out for pay purposes at the end of the workday; f) the time he/she stopped getting paid at the end of the workday; and g) the time he/she swiped any badge or otherwise recorded his/her whereabouts (including, inter alia, his/her exit from the Facility and entrance to or exit from any break room/area, locker room/area, or storage room/area) at, near, or after the end of the workday.

    **Answer to Interrogatory No. 3/4**: Target objects to this Interrogatory because it seeks information about individuals who are not presently at issue in this matter, and therefore seeks information that is not relevant to Plaintiff's claims or Target's defenses. It also seeks private and personal information about non-parties to this litigation, and on the grounds it seeks discovery concerning Plaintiff's proposed class, which has not been adjudicated, nor approved, by the Court. Subject to, and without waiver of the foregoing objections, and in a good faith effort to respond to Interrogatory No. 3/4, to the extent Interrogatory No. 3/4 seeks information about Plaintiff Cortez, Target will produce (Plaintiff Cortez's pay and time records/records regarding Plaintiff Cortez).

    **Document Request No. 6:** All documents concerning, reflecting, or pertaining to Class Members' compensation or work hours since January 11, 2013.

**Response Request No. 6:** Target objects to this request because it seeks records about individuals who are not presently at issue in this matter, and therefore seeks records that are not relevant to Plaintiff's claims or Target's defenses. Target also objects to this request because it is not reasonably particular and uses the omnibus terms "all," "concerning," "reflecting," or "pertaining to" without limitation to Plaintiff's claims, or Target's defenses, at issue in this action. It also seeks private and personal records about non-parties to this litigation, and on the grounds it seeks discovery concerning Plaintiff's proposed class, which has not been adjudicated, nor approved, by the Court. Subject to, and without waiver of the foregoing objections, and in a good faith effort to respond to Request No. 6, to the extent Request No. 6 seeks documents about Plaintiff Cortez, Target agrees to produce Plaintiff Cortez's time punch details and wage statement information. Target further agrees to meet and confer with Plaintiff regarding providing a representative sampling of deidentified data responsive to this request.

**Request No. 7:** Documents, in electronic and importable format (i.e. .xls or .csv. format) if possible, identifying the information Target is required to maintain for Class Members under Ill. Admin. Code, tit 56, § 210.700, including: hours worked each day and hours worked each workweek; time of day and day of week when employee's workweek begins; basis on which wages are paid; additions and deductions from employee's wages for each pay period and an explanation of additions and deductions; type of payment (hourly rate, salary, commission, etc.), straight time and overtime pay and total wages paid each pay period; and dates of payment of each pay period covered by the payment.

**Response Request No. 7**: Target objects to this request to the extent it seeks attorney work product and/or documents or information protected by the attorney-client privilege. Target also objects to this request because it is not reasonably particular and uses the omnibus term "all" without limitation to Plaintiff's claims, or Target's defenses, at issue in this action. Target further objects to this request because it is not limited to documents regarding Plaintiff's employment by Target. Subject to, and without waiver of the foregoing objections, and in a good faith effort to respond to Request No. 6, to the extent Request No. 6 seeks documents about Plaintiff Cortez, Target agrees to produce Plaintiff Cortez's time punch details and wage statement information. Target further agrees to meet and confer with Plaintiff regarding providing a representative sampling of deidentified data responsive to this request.

**Request No. 13**: Documents identifying the following information for each Class Member during each day since January 11, 2013: (i) the time he/she swiped any badge or otherwise recorded his/her entrance into or movement within the Facility prior to clocking in for pay purposes at the beginning of the workday; (ii) the time he/she passes through any security screening process or device within the Facility; (iii) the time he/she clocked in for pay purposes at the beginning of the workday; (iv) the time he/she started getting paid at the beginning of the workday; (v) the time he/she clocked-out for pay purposes at the end of the workday; (vi) the time he/she stopped getting paid at the end of the workday; and (vii) the time he/she swiped any badge or otherwise recorded his/her whereabouts (including, inter alia, his/her exit from the Facility and entrance to or exit

from any break room/area, locker room/area, or storage room/area) at, near, or after the end of the workday.

**Response Request No. 13**: Target objects to this Request because it seeks information about individuals who are not presently at issue in this matter, and therefore seeks information that is not relevant to Plaintiff's claims or Target's defenses. It also seeks private and personal information about non-parties to this litigation, and on the grounds it seeks discovery concerning Plaintiff's proposed class, which has not been adjudicated, nor approved, by the Court. Subject to, and without waiver of the foregoing objections, and in a good faith effort to respond to Request No. 13, to the extent Request No. 13 seeks information about Plaintiff Cortez, Target will produce Plaintiff's time punch data. Target further agrees to meet and confer with Plaintiff regarding providing a representative sampling of deidentified data responsive to this request.

B.    **Plaintiffs' Request for the Identification of Witnesses**

During a September 20, 2023 telephone call, Plaintiffs' Counsel requested that Defendant identify the Operations Managers/Senior Operations Managers who worked at Defendant's Illinois Warehouses so the Parties could schedule the depositions of managerial fact witnesses for each Illinois warehouse. Ex. 1, Declaration of Maureen A. Salas ¶ 10 (herein "Ex. 1, Salas Decl. ¶"). Defendant unilaterally interpreted this request as an interrogatory, and it answered this "interrogatory" on October 27, 2023. *See* Exhibit 2.

**III.    The Parties' Conferral Efforts**

On August 10, 2023, Counsel for Plaintiffs and Counsel for Target conferred by telephone about the perceived deficiencies in Target's discovery responses, and Target offered to produce a deidentified 10% sample of time clock, security badge swipe, and pay data for each year during the relevant limitations period.[1] Ex. 1, Salas Decl. ¶ 4. Plaintiffs' Counsel requested that Target identify the period of time it retained the security badge swipe data so that it could evaluate Target's proposal. *Id.,* ¶ 5. In response, Target told Plaintiffs it only retained the security badge swipe data for one year, dating back to October 2022. *Id.* In light of the limited period of

---

[1] Plaintiff's IWPCA claim has a ten year statute of limitations, but because Target first began operating a warehouse in Illinois on May 23, 2016, the relevant limitations period only dates back to May 23, 2016.

6

time Target retained the badge swipe data, and the limited period of time many of the warehouses operated,[2] Target's offer to produce a 10% sample of the data was not sufficient. *Id.*, ¶ 6. Plaintiffs counter proposed a different sample,[3] while reserving the right to seek all of the data following a ruling on Plaintiffs' class certification motion, but Target would not agree to deviate from its 10% proposal. *Id.*, ¶ 7. The Parties reached impasse on October 11, 2023. *Id.*, ¶ 8.

Target served its response to the question it unilaterally deemed Plaintiffs' Second Set of Interrogatories on October 27, 2023. *Id.*, ¶ 11. Maureen Salas spoke to Jessica Davis by telephone on October 30, 2023, requesting that Target supplement its response to identify, in addition to name, where each one of the 117 Operations Managers and Senior Operations Managers worked and their job title. *Id.*, ¶ 12. Plaintiffs' Counsel explained that they needed this additional identifying information to select individuals to depose. *Id.*, ¶ 12. Target refused to provide the requested information,[4] and the Parties are at impasse. *Id*, ¶ 13.

## IV.    Legal Standard

Under Rule 26(b)(1), a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). When a party fails to produce discovery, Rule 37 permits a party to "move for

---

[2] Target's response to Interrogatory No. 1 states the Dekalb warehouse opened May 23, 2016, the Chicago Flow warehouse on August 10, 2021, the Chicago Sortation warehouse on September 1, 2022, the Joliet warehouse on November 11, 2019, and the Chicago North warehouse on September 1, 2022. Ex. 1, Salas Decl., attach. A.

[3] Plaintiff proposed accepting Badge Swipe Data and Timekeeping Data for all class members for the period between 10/2/2022 and 9/2/2023. Plaintiffs continued to request complete payroll data for all class members, but they agreed to accept the data on an anonymized basis by Employee ID number. Ex. 1, Salas Decl. ¶ 7.

[4] Plaintiffs' Counsel email Defendant's Counsel in a further effort to reach compromise: "If you today identify who works for Target as *Senior Operations Managers*, and the Illinois warehouse where they work, we will consider not bringing this issue to the Court's attention tomorrow." (emphasis added). Defendant declined to identify the subset of employees who worked as a Senior Operations Managers. Ex. 1, Salas Decl. ¶ 13.

an order compelling disclosure or discovery." Fed R. Civ. P. 37(a). Specifically, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or produce documents. Fed. R. Civ. P. 37(a)(3)(B)(iii) & (iv). "An evasive or incomplete disclosure, answer, or response **must** be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4) *(emphasis added)*.

District courts have broad discretion to decide whether discovery concerning class certification issues should go forward, and such discovery is allowed where "there is a need to determine whether Rule 23 requirements are met." *Gebka v. Allstate Corp.,* No. 19 Civ. 06662, 2021 WL 825612, at *7 (N.D. Ill. Mar. 4, 2021) (quoting *Loy v. Motorola, Inc.,* No. 03 Civ. 50519, 2004 WL 2967069, at *3 (N.D. Ill. Nov. 23, 2004)). Precertification discovery is particularly important regarding Rule 23's threshold requirements of numerosity, commonality, and adequacy of representation. *Id.*

**V.      ARGUMENT**

   **A.     Target was Previously Compelled to Produce the Exact Same Records In Parallel Litigation Pending in Pennsylvania**

The issue of this discovery dispute – whether Plaintiffs are entitled to payroll, timekeeping, and security badge swipe data for putative class members—was previously litigated in the U.S. District Court for the Eastern District of Pennsylvania, and it was resolved in the Plaintiff's favor. *See* Exhibit 3*, Davis v. Target Corporation,* No. 2:23 Civ. 00089 (Order Dated July 13, 2023); Ex. 1, Salas Decl. ¶ 9. In *Davis*, the Plaintiff (represented by the same counsel as in this matter) alleges that Target failed to pay hourly paid warehouse employees for time associated with certain required activities arising on Target's premises at the beginning and end of the workday, in violation of the PMWA. *Id.* In *Davis*, Target (also represented by the same counsel as in this matter) refused to produce the payroll, timekeeping, and security badge swipe

8

data in discovery. *Id.* Plaintiff filed a motion to compel the requested information, and the *Davis* court ordered Target to produce the data. The same result is warranted here. *Id.*

### B. Plaintiff Is Entitled to Payroll, Timekeeping, and Security Badge Swipe Data Relating to Putative Class Members.

In a putative class action suit, a Plaintiff is entitled to discover information relevant to Rule 23's class certification requirements in order to prosecute a class action. *Gulf Oil v. Bernard*, 452 U.S. 89, 100-04 (1981). "[P]recertification discovery is appropriate concerning Rule 23's threshold requirements of numerosity, common questions/commonality, and adequacy of representation." *Gebka v. The Allstate Corp.*, No. 19 Civ. 06662, 2021 WL 825612, at *8 (N.D. Ill. March 4, 2021) (Cummings, M.J.). Moreover, "the scope of discovery must be sufficiently broad to give the plaintiff a realistic opportunity to meet the requirements of class certification." *Id.* Once Plaintiffs demonstrate that the discovery is relevant and proportional to the needs of the case, Target "has the burden of proving that the requested discovery should be disallowed." *Gebka,* 2021 WL 825612, at *2. Target's objections do not meet its burden.

Target objects to producing the payroll, timekeeping, and security badge swipe data because (1) it seeks information that is not relevant to Plaintiffs' claims or Target's defenses, (2) it seeks private and personal information, and (3) it seeks discovery concerning Plaintiffs' proposed class, which has not been adjudicated or approved by the Court.

First, Target objects to the requested data because it is not relevant to the claims alleged and to Plaintiffs' forthcoming motion for class certification. The payroll data is relevant to show the number of employees who were subject to the alleged unlawful pay practices, which goes to numerosity. The payroll, timekeeping, and security badge swipe data is relevant to show that all class members were subject to the same pay practices alleged to be unlawful, which goes to commonality. The payroll, timekeeping and security badge swipe data is also relevant to show

that the Named Plaintiffs' claims are similar to other putative class members' claims, which goes to typicality. The data is highly relevant to Plaintiffs' claims because the security badge swipe data will assist in approximating the time employees entered the warehouses, the time clock data will show when employees clocked in and out, and the pay data will show how much time employees were actually paid for working. Put together, the data will show whether employees were required to be on Target's premises without receiving pay.

In addition to the *Davis v. Target* matter, courts have compelled similar class discovery in other cases. *See Arango v. Landry's, Inc.,* No. 12 Civ. 9354, 2013 WL 3671704, at *2 (N.D. Ill. July 12, 2013) (compelling production of plaintiffs' and putative class members' time record data when it was relevant to class-action commonality, typicality, and numerosity requirements); *Jenkins v. White Castle Mgmt. Co.*, No. 12 Civ. 7273, 2013 WL 5663644, at *4 (N.D. Ill. Oct. 17, 2013) (compelling defendant to produce hour and wage information for putative class members in wage and hour case); *Miller v. Steam Generating Team, LLC*, No. 2:20 Civ. 00234, 2020 WL 1821698, at *4 (W.D. Pa. Apr. 10, 2020) (compelling production of putative class members' identities, compensation, hours worked, and payroll information); *Gebka v. Allstate Corp.,* No. 19 Civ.06662, 2021 WL 825612, at *7 (N.D. Ill. Mar. 4, 2021) (compelled production of call records of plaintiffs and putative class members because it was relevant to numerosity, commonality, and typicality).

Second, Target objects that the discovery requests "seek private and personal information about non-parties to this litigation." However, courts have held that this objection does not outweigh a party's need to obtain discovery to support a motion for class certification. *Hossfeld v. Allstate Ins. Co*., No. 20 Civ. 7091, 2021 WL 4819498, at *4 (N.D. Ill. Oct. 15, 2021) (Court rejected Target's suggestion that class discovery should not be produced because it would violate

the privacy interests of potential class members, as it failed to articulate how the privacy interests outweighed plaintiff's need for disclosure of relevant information); *Whitehorn v. Wolfgang's Steakhouse, Inc.,* No. 09 Civ. 1148, 2010 WL 2362981, at *3 (S.D.N.Y June 14, 2010) (noting that courts have found that a plaintiff's need and due process right to discovery outweighs the privacy concerns raised and compelling the production of class members' names, addresses, phone numbers and job positions in a combined FLSA collective and Rule 23 class action).

Additionally, it is not clear what privacy concerns Target has in producing the requested data. Plaintiffs agreed to allow Target to identify class members by employee identification number in lieu of name. Also, to the extent that there are actual privacy concerns, Target can designate the supplemental production as confidential under the protective order that was previously entered in this matter. Agreed Confidentiality Order, ECF No. 37; *Balderas v. Illinois Central RR Co.,* No. 20 Civ. 1857, 2021 WL 76813, at *3 (N.D. Ill. Jan. 8, 2021) ("Any privacy concerns defendant might legitimately hold [for employee contact information] are covered and protected by the Confidentiality Agreement"); *Hossfeld,* 2021 WL 4819498, at *6.

Third, Target objects on the grounds that the discovery seeks information related to Plaintiffs' proposed class, which has not been adjudicated, nor approved, by the Court. However, this objection does not meet Target's burden in showing that discovery should be disallowed. Class certification is not required to obtain class-related discovery. *Gebka,* 2021 WL 825612, at *8. Target was ordered to produce similar information in *Davis* before the plaintiff filed his motion for class certification. Ex. 1, Salas Decl. ¶ 9. Additionally, as explained *supra,* other courts have required defendant-employers to produce similar class wide data pre-certification. There is no reason for the Court to reach a different result here.

11

Notably, Target did not raise an undue burden objection, nor would it have been appropriate. Target maintains the payroll, timekeeping, and security badge swipe data in electronic format and is readily able to produce the requested data, as evidenced by its production of the electronic payroll, timekeeping, and security badge swipe data in the *Davis* case pending in Pennsylvania.

To the extent Target tries to raise a late undue burden objection in its response to this motion, it should be rejected because it was waived. Fed. R. Civ. P. 33(b)(4); *Stagger v. Experian Info. Sols., Inc.*, No. 21 Civ. 2001, 2021 WL 5299791, at *4 (N.D. Ill. Nov. 15, 2021); *Buonauro v. City of Berwyn*, No. 08 Civ. 6687, 2011 WL 116870, *4 (N.D. Ill. Jan. 10, 2011).

### C. Target's Offer to Produce a 10% Sample is Not Sufficient

Plaintiffs considered accepting a sample of the payroll, timekeeping, and security badge swipe data and proposed an alternative sample, but Target would not move off of its 10% proposal. Because that sample is insufficient, and evidences a failure to confer in good faith, Plaintiffs now seek the production of the requested data for all class members.

Target's sample is insufficient for three primary reasons. One, Target only retained the security badge swipe data dating back to October 2022, making its proposal to produce a 10% sample of the security badge swipe data the equivalent to offering to produce a sample of a sample. Two, two of Target's five warehouse have only operated for one year, and a third warehouse has only operated for about two years. See n.2, *supra.* A 10% sample of data for these warehouses is too small to be meaningful. Three, complete data will ensure that the data is representative of all class members and not skewed by outliers.

Production of all of the time, pay, and security badge swipe data is appropriate because courts in this Circuit have compelled production for all responsive documents, not just a sample, when the information is relevant in class action cases. *See Mervyn v. Atlas Van Lines, Inc.,* No.

12

13 Civ. 3587, 2015 WL 12826474, at *5 (N.D. Ill. Oct. 23, 2015) (court compelled defendant to produce class member documents despite defendant claiming undue burden when the relative importance of the documents was crucially important to the class certification issues); *Williams v. Angie's List, Inc.,* No. 116 Civ. 00878, 2017 WL 1318419, at *3 (S.D. Ind. Apr. 10, 2017) (Court compelled defendant to produce all background data used to record class member's time worked when defendant already produced one-third of the requested data).

      D.      **Target Should Be Compelled To Provide Identifying Information for Operations Managers and Senior Operations Managers**

Fundamental to a party's discovery obligations is its duty to disclose witnesses. Target has disregarded this duty and impeded Plaintiffs' ability to identify and depose key witnesses. Target must be compelled to provide identifying information for its managerial employees.

Target's disregard for its discovery obligations was first evidenced through its deficient initial disclosures. Rule 26(a)(1) places an affirmative duty on parties to identify witnesses, without awaiting a discovery request, who are likely to have discoverable information. Target operates 5 warehouses in Illinois, but excluding Plaintiff Cortez, Target only identified two witnesses in this class action, the Director of Employee Relations and a single operations manager for one warehouse. *See* Ex. 4.

Target also failed to identify witnesses in response to Plaintiff's interrogatories. Plaintiff asked Target to identify, for each facility, all individuals responsible for administering the timekeeping and payroll systems and their role. Ex. 1, Salas Decl., attachment A, Answer to Interrogatory No. 12. Target did not identify a single person, instead answering "Target's Human Resources team was responsible for finalizing time entries and submitting them for payment." *Id*.

In light of the deficient disclosures and interrogatory responses, which hindered Plaintiffs' ability to identify and depose key witnesses, on September 20, 2023, Plaintiffs'

13

Counsel informed Target that "we will need to take depositions of Operations Managers/Sr. Operations Managers at the other 4 facilities. Please provide the names of the Operations Managers and Sr. Operations Managers at the other 4 Illinois facilities so that we can get their depositions calendared."[5] *Id.,* ¶ 10. Target later informed Plaintiffs that they interpreted this request as a new interrogatory and would answer it under the time limits prescribed in Rule 33, marking Target's response due on October 20th. ECF 48 at 2; Rule 33(b)(2). Target did not timely answer. Instead, on October 27, 2023, it provided Plaintiffs with a list 117 names, with no other identifying information. *See* Ex. 2. Plaintiffs are unable to differentiate Senior Operations Managers from Operations Managers and do not know where any of the individuals worked, thereby interfering with Plaintiffs' ability to select a manager to depose from each warehouse. Target refused to provide additional identifying information, instead saying they would treat the request for work location and job title as a new interrogatory. Ex. 1, Salas Decl. ¶ 12. It is not. Inherent in Plaintiffs' request for the identities of Operations Managers and Senior Operations Managers who worked at Target's Illinois warehouses are three key pieces of identifying information: (i) who the person is; (ii) their job title; and (iii) where they worked. Target's answer is incomplete and evasive, and it must be supplemented. *In re Local TV Advertising Antitrust Litigation,* No. 18 C 6785, 2023 WL 5659926, at *6 (N.D. Ill. Aug. 31, 2023) ("The

---

[5] In addition to asking for the identities of material witnesses, Plaintiffs also asked Target to supplement its written discovery answers. Target agreed, but would not serve the supplemental answers. See ECF No. 41 (stating Target would supplement its answers on or before September 8, 2023), ECF No. 46 ("Target requires additional time to supplement its discovery responses") ECF No. 48 ("Target has not yet supplemented its written discovery responses and has not completed its document production."). In the last Joint filing, Plaintiffs asked the Court to order Target to supplement its discovery responses by October 18 (ECF 48 at 2), but the Court ordered Target "to *supplement* their discovery responses…no later than 10/31/23." ECF 49. This deadline did not apply to the request Target interpreted as a *new* interrogatory. That answer was due on October 20, 2023. ECF 48 at *2.

Rules require a party to supplement its incomplete responses, and an evasive response is not complete.").

## VI. The Court Should Award Plaintiffs Their Costs Incurred in Filing This Motion

When a motion to compel is granted, Rule 37 requires the non-moving party to pay the moving party's reasonable expenses incurred in making the motion, including attorneys' fees, unless the moving party failed to make a good faith effort to obtain the discovery without court action, the nondisclosure was substantially justified, or other circumstances would make such an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i-iii). Here, Plaintiffs' counsel conferred with Target's counsel numerous times about their deficient disclosures and discovery responses, and they even offered to accept a sample of data prior to filing this motion to compel. Target, on the other hand, refused to supplement its responses even after a federal court in Pennsylvania compelled Target to produce the same documents sought in this motion in a parallel case seeking unpaid wages under the PMWA. Target also has flagrantly violated its discovery obligations by providing incomplete and evasive information about material witnesses, thwarting Plaintiffs' ability to move this case forward and notice depositions. No exception to Rule 37(a)(5) applies, and therefore, Target should be ordered to pay the attorneys' fees and costs incurred in bringing this motion, which Plaintiffs' counsel will provide to the Court if this motion is granted. *In re Local TV Advertising Antitrust Litigation,* 2023 WL 5659926, at *7; *Hunter v. WirelessPCS Chicago LLC,* No. 18 CV 980, 2021 WL 4621889, at *11 (N.D. Ill. Oct. 5, 2021).

## VII. Conclusion

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their motion to compel, and order Target to produce the outstanding information and documents within two (2) weeks of the Court's Order.

15

Dated: October 31, 2023

Respectfully submitted,

*/s/Maureen A. Salas*

Douglas M. Werman
Maureen A. Salas
Joseph E. Salvi
**WERMAN SALAS P.C.**
77 W. Washington St., Ste 1402
Chicago, IL 60602
Tel: (312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com
jsalvi@flsalaw.com

Peter Winebrake
Deirdre Aaron
**WINEBRAKE & SANTILLO, LLC**
715 Twining Rd., Ste 211
Dresher, PA 19025
Tel: (215) 884-2491
pwinebrake@winebrakelaw.com
daaron@winebrakelaw.com

Sarah R. Schalman-Bergen
Krysten Connon
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston St., Ste 2000
Boston, MA 02116
Tel : (267) 256-9973
ssb@llrlaw.com
kconnon@llrlaw.com