IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS CORTEZ and TRACEY TUCKER, on behalf of themselves and other individuals similarly situated, known and unknown, | ) ) ) ) ) ) | |
| | ) | No. 1:23-cv-01435 |
| Plaintiffs, | ) ) ) | District Judge Franklin U. Valderrama |
| v. | ) ) ) | Magistrate Judge Jeannice W. Appenteng |
| TARGET CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

### MEMORANDUM OPINION AND ORDER

Before the Court is a discovery dispute between plaintiffs Luis Cortez and Tracey Tucker ("Plaintiffs") and defendant Target Corporation ("Target") regarding the production of contact information for putative class members in advance of class certification. (Dkt. #44.) For the reasons set forth below, the Court orders Target to produce the disputed discovery.

**I.  BACKGROUND**

Plaintiffs are former employees of two of Target's five Illinois-based distribution centers who allege that Target failed to pay Plaintiffs and putative class members for overtime and other earned compensation for time spent on Target's premises before and after each workday, as required under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*., and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq*. (Dkt. #45 at 1.) Pertinent here, Plaintiffs further allege that their complaint for lack of payment is shared by yet-unknown co-workers at all five of Target's Illinois distribution centers.

Discovery is ongoing and the parties have been proceeding with written discovery related to class certification. Notwithstanding their meet and confer efforts, the parties recently reached an impasse regarding Target's response to one of Plaintiffs' interrogatories and a related request for production ("RFP"), both of which seek information regarding potential class members, particularly contact information for former and current employees at Target's Illinois distribution centers. At the Court's request, the parties submitted a Joint Statement on Discovery Impasse summarizing their dispute and respective arguments regarding the disputed discovery requests. (Joint Statement, Dkt. #44 at 2.) In the Joint Statement, Plaintiffs ask the Court to compel Target to fully respond to the disputed requests and provide contact information for the putative class members. (*Id*. at 3-7). Target responds that the requested contact information is irrelevant, disproportional to the current needs of the case, and invades the purported class members' privacy rights. (*Id*. at 7-9).

## II. ANALYSIS

### A. Standard on a request to compel pre-certification discovery.

A party may compel discovery under Federal Rule of Civil Procedure 37 whenever another party fails to respond to a discovery request, or when its response is insufficient. Fed. R. Civ. P. 37(a). Courts have broad discretion in resolving such discovery disputes and do so by adopting a liberal interpretation of the discovery rules. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996); *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018). Rule 26 provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1); *see Motorola Sols., Inc. v. Hytera Communications Corp.*, 365 F.Supp.3d 916, 924 (N.D. Ill. 2019)

("Relevance focuses on the claims and defenses in the case, not its general subject matter."). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

"In Rule 23 cases where plaintiffs have not yet filed a motion for class certification, discovery may be used to help determine whether the class can properly be certified, particularly with respect to the threshold requirements of 'numerosity, common questions, and adequacy of representation.'" *Kernats v. Comcast Corp.*, No. 09 C 3368, 2010 WL 8742753, at *2 (N.D. Ill. Jan. 14, 2010) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978)). Indeed, "the scope of discovery must be sufficiently broad to give the plaintiff a realistic opportunity to meet the requirements of class certification." *Gebka v. Allstate Corp.*, No: 19-cv-06662, 2021 WL 825612, at *7 (N.D. Ill Mar. 4, 2021) (collecting cases). Moreover, the district court retains discretion in allowing pre-certification discovery of contact information for members of a prospective class. *Velasquez-Monterrosa v. Mi Casita Restaurants*, No. 5:14-CV-448-BO, 2015 WL 1964400, at *7 (E.D.N.C. May 1, 2015) (quoting *Oppenheimer Fund*, 437 U.S. at 363 n.20); *see also Drake v. Aerotek, Inc.*, No. 14-cv-216-bbc, 2014 WL 7408715, at *2 (W.D. Wis. Dec. 30, 2014) (collecting cases).

### B. Target must provide complete answers to Plaintiffs' Interrogatory No. 2 and RFP No. 5 including contact information for prospective class members.

In Interrogatory No. 2 and RFP No. 5, Plaintiffs seek contact information regarding other putative class members. Those requests and Target's responses are as follows:

**Interrogatory No. 2**: State the name, last known address, last known phone number, and last known email address, and assigned facility of each Class Member.

**Answer:** Defendant objects to this Interrogatory because it seeks information about individuals who are not presently at issue in this matter, and therefore seeks information that is not relevant to Plaintiff's claims or Target's defenses. It also seeks private and personal information about non-parties to this litigation, and on

> the grounds it seeks discovery concerning Plaintiff's proposed class, which has not been adjudicated, nor approved, by the Court.
>
> Subject to, and without waiver of the foregoing objections, and in a good faith effort to respond to Interrogatory No. 2, to the extent Interrogatory No. 2 seeks information about Plaintiff Cortez, Defendant States:
>
> - Luis Cortez [REDACTED].
>
> **Request No. 5:** Documents, in electronic and importable format (i.e. .xls or .csv format) if possible, that identify the following information for Class Members: (a) name, (b) last known address, (c) last known telephone number, (d) last known email address, (e) dates of employment, and (f) employee number.
>
> **RESPONSE:** Defendant objects to this Request because it seeks information about individuals who are not presently at issue in this matter, and therefore seeks information that is not relevant to Plaintiff's claims or Target's defenses. It also seeks private and personal information about non-parties to this litigation, and on the grounds it seeks discovery concerning Plaintiff's proposed class, which has not been adjudicated, nor approved, by the Court.
>
> Subject to, and without waiver of the foregoing objections, and in a good faith effort to respond to Request No. 5, to the extent Request No. 5 seeks documents about Plaintiff Cortez, Target produces Plaintiff's employment file at TARGET-LCORTEZ-000001 to 000044.

(Dkt. #44 at 2-3.) For the following reasons, the Court finds that these responses are insufficient and orders Target to provide the requested contact information for putative class members.

First, although the Court acknowledges that courts are split on whether plaintiffs are entitled to contact information of putative class members in advance of certification,[1] Plaintiffs have made the appropriate showing that the information is discoverable here.

---

[1] *See, e.g.*, *Putnam v. Eli Lilly and Co.*, 508 F.Supp.2d 812, 814 (C.D. Cal. Aug. 23, 2007) (granting contact information for 348 employees of defendant, noting that "Plaintiff has shown a legitimate need for the requested information to determine, among other things, whether common questions of law or fact exist and if plaintiff's claims are typical."); *Babbitt v. Albertson's Inc.*, No. C-92-1883 SBA (PJH), 1992 WL 605652, at *6 (N.D. Cal. Nov. 30, 1992) ("Defendant has access to this information, and plaintiff should have the same access. Furthermore, the information could lead to the discovery of admissible evidence relevant to the class certification issue."); *cf., e.g.*, *Swelnis v. Univ. Fidelity L.P.*, No. 2:13-cv-104-PRC, 2014 WL 1571323, at *2 (N.D. Ind. Apr. 17, 2014) (denying requested production where the plaintiff only raised issue of numerosity despite admitting "she already knows the estimated size of the putative class).

4

Indeed, when analyzing such a discovery request, courts "often consider whether the class-action plaintiffs would be unable to locate and interview any putative class members without discovery from the defendants," *Kernats*, 2010 WL 8742753, at *2, and generally grant motions to compel where the plaintiffs lack other means to locate such class members absent the sought-after discovery. Here, Plaintiffs have properly shown that the information is relevant where "class members will have information relevant to the claims alleged and to [p]laintiffs' forthcoming motion for class certification," and list the specific information they hope to acquire from their ensuing contacts pursuant to Rule 23. (Dkt. #44 at 3-4.) Moreover, Plaintiffs clearly demonstrated—and Target does not dispute[2]—that they lack alternate means of obtaining the contact information because it "is exclusively within Target's possession and control and is information that Target is required by law to maintain." (*Id*. (citing 56 ILCS §280.140; 29 C.F.R. §516.2(a)); *see, e.g.*, *Chavez v. Hat World, Inc.*, No. 12-cv-5563, 2013 WL 1810137, at *3 (N.D. Ill. Apr. 29, 2013) ("Plaintiffs have proffered several ways this information could be gathered without placing an undue burden on Hat World. . . this information must be maintained by Hat World to comply with FLSA and, therefore, should not be costly or burdensome to produce."). Thus, the Court finds that Interrogatory No. 2 and RFP No. 5's are sufficiently relevant to Plaintiffs' eventual motion to certify a class.[3]

---

[2] Nor does Target dispute that "production would be unduly burdensome, costly, or disproportionate to the needs of the case." (Dkt. #44 at 4, 7-9). The Court therefore considers the point conceded. *See Cincinnati Ins. Co. v. Eastern Atlantic Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001).

[3] *See, e.g.*, *Chavez*, 2013 WL 1810137, at *3 ("[P]laintiffs argue persuasively that the payroll information concerning hours worked and employees supervised is relevant to define the class and identify how many similarly situated employees exist. Courts routinely have permitted this type of pre-certification discovery for these purposes."); *Doyon v. Rite Aid Corp.*, 279 F.R.D. 43, 49 (D. Me. 2011) (granting pre-certification disclosure of names and addresses of putative class members where plaintiff has no additional contact information for similarly situated plaintiffs); *Gordon v. Kaleida Health*, No. 08-CV-378S(F), 2012 WL 432885, at *2 (W.D.N.Y. Feb. 9, 2012) ("It is well-established that in wage and hour cases, pre-class certification discovery of putative class member contact information is permissible to

Second, Target's concerns regarding the privacy of the putative class members, though understandable, are not compelling enough to bar production. Target is correct that their current and former employees "have a privacy interest in avoiding disclosure of their names and addresses" and that courts fear class action plaintiffs' attorneys *may* seek such disclosures to acquire new clients. (Dkt. #44 at 8) (citing *Duffy v. Ill. Tool Works Inc.*, NO. 15-cv-7407(JFB)(SIL), 2018 WL 1335357, at *6, 8 (E.D.N.Y. Mar. 15, 2018); *see also Putnam v. Eli Lilly and Co.*, 508 F.Supp.2d 812, 814 (C.D. Cal. Aug. 23, 2007) ("While defendant is correct that individuals have a privacy interest in not having their names and addresses disclosed to third parties, the Court has balanced defendant's asserted right to privacy against the relevance and necessity of the information being sought by plaintiff[s]."). Here, however, Plaintiffs have shown a legitimate need for the information they seek, and such privacy concerns remain speculative given the Court's previously entered confidentiality order. (Dkt. #36); *see Gulf Oil Co.*, 452 U.S. at 101 ("mere possibility of abuses" in class action litigation does not justify communications ban). Moreover, Plaintiffs' demonstrated need for putative class members' contact information is compelling precisely because such information concerns their potential interest in this litigation. *See Chavez*, 2013 WL 1810137, at *3. For this litigation to proceed, Plaintiffs require the requested contact information.

---

assist in demonstrating that representative plaintiffs can satisfy Rule 23 criteria."). In this regard, the cases on which Target relies are readily distinguishable where the plaintiffs otherwise had access to the information, or the information was not relevant to class formation. *Cf. Kernats*, 2010 WL 8742753, at *2-3 (denying pre-certification disclosure because three of the named plaintiffs still worked for the employer and have access to the information); *Swelnis*, 2014 WL 1571323, at *2 (denying pre-certification disclosure because plaintiff admitted knowing estimated size of putative class and only raised relevance of discovery to numerosity under Rule 23); *Telco Group, Inc. v. Ameritrade, Inc.*, No. 8:05CV387, 2006 WL 560635, at *2-4 (D. Neb. Mar. 6, 2006) (denying requests for account information where plaintiffs showed no causal link between their harm and other account holders).

This Court's finding is consistent with our colleague's ruling on this issue, with this same defendant, in Pennsylvania's Eastern District in favor of a plaintiff who sought *more* information about Target and its former and current employees than requested here. *See Davis v. Target Corporation*, CIVIL ACTION NO. 23-cv-00089 (E.D. Pa. Jan. 9, 2023). As is the case here, the plaintiffs moved to compel production of pre-class certification discovery of contact information of similarly situated individuals at Target distribution centers in that state, with both parties raising similar arguments as raised in the Joint Statement here. (*Id.*, Dkt. Nos. 21, 23.) The district court found that the disputed discovery was "relevant to the underlying claims and class certification, and we do not think there is anything to be gained by delaying that discovery." (*Id.*, Dkt. #24 at 1.) As the court ruled there, and as explained above, this Court finds that Plaintiffs have demonstrated their need for the disputed discovery outweighs both Target's burden of producing it and the privacy rights they cite as a shield to production.

## CONCLUSION

For the reasons stated above, the Court orders Target to respond to Interrogatory No. 2 and to disclose the documents in the form requested in RFP No. 5 within 21 days of this order, by November 28, 2023. By December 5, 2023, the parties shall file a joint status report confirming Target's compliance with this order.

**DATE:** 11/7/2023

**Jeannice W. Appenteng**
**United States Magistrate Judge**

7